## CONEY *v.* THE STATE.

1. Construed in the light of the evidence and of the whole charge of the court, there was no error in charging the jury that " to constitute justifiable homicide, the slayer must be faultless"; nor in charging that " if the prisoner provoked and brought on the difficulty by his own fault, and brought upon himself the necessity to kill the deceased to save his own life, then the killing would not be justifiable, but would be murder."

2. The charge touching the prisoner's statement being in the terms of the statute, there was no error in instructing the jury that it was for them to determine from the evidence whether or not the homicide was unlawful; nor in instructing as follows: " Now, as to what is the truth of the case, you are the judges; you are to decide from the testimony; you look to all of the circumstances of the case; look to the testimony of the witnesses. . . If you believe from the testimony that the prisoner is guilty of the offence of murder, your verdict will be, we the jury find the defendant guilty."

3. There was no error in charging the jury on the subject of admissions and confessions of guilt; nor in not charging touching manslaughter, counsel for the prisoner admitting in open court that

manslaughter was not involved, and contending that the homicide, if not murder, was justifiable. The evidence warranted counsel in taking this position, and the court in recognizing it as correct.

4. The verdict was warranted by the evidence, and there was no error in refusing a new trial.                    *Judgment affirmed.*

August 1, 1892.

Criminal law. Murder. Manslaughter. Prisoner's statement. Confession. Charge of court. Before Judge FISH. Dooly superior court. September term, 1891.

Coney was charged with the murder of Morgan, and was found guilty. His motion for a new trial was overruled, and he excepted. The evidence for the State tended strongly to show that the offence was murder because of jealousy. No evidence was introduced by the prisoner, but he made a statement, in brief, that he went to the house where the difficulty occurred, which was neither his house nor that of Morgan, but the house of a widow named Davis; that it was after dark; that he took a light in his hand and went over there, thinking he would go over and talk to her as he had always been doing; that when he went in, Morgan was in there; that when he got in, Morgan jumped up from the bed and made at him with an axe and struck him with the axe, knocking his arm out of place, breaking his finger and knocking him to his knees, and that he shot Morgan to save his own life; that the second time he fired he was getting up off of his knees; that Morgan had knocked him out of his senses, broken his finger and knocked his arm out of place; that he could not do anything else to save his own life; that when he got up off his knees was the time he made the shot; and that Mrs. Davis hit him a lick or two with something. It was in evidence for the State that Morgan was shot twice, and Mrs. Davis denied that she struck defendant a lick.

The motion for a new trial contains the grounds that the verdict was contrary to law and evidence, and assigns error upon the portions of the court's charge which are quoted in the head-notes, alleging that these instructions should have been qualified by adding, that although the defendant provoked and brought on the difficulty, still if before the mortal blow was given he really and in good faith retreated and declined further struggle, and was pursued or attacked by the deceased in a threatening manner with a deadly weapon, he would be justifiable or only guilty of voluntary manslaughter according to the circumstances of the case. Also, that the court should have referred the jury to the prisoner's statement in immediate connection with the instructions set forth in the second head-note.

There was evidence that, two or three hours after Morgan died, the coroner showed the defendant a pistol and asked him if that was his pistol, to which the defendant replied that it was. The coroner said, "Don't claim it unless it is yours," and defendant replied, "It is my pistol." The coroner further asked, "Is this the pistol you killed that negro with?" Defendant replied, "That is the one I shot him with." These statements were freely and voluntarily made. The court charged the jury "that all admissions should be scanned with care, and confession of guilt should be received with great caution. A confession alone, uncorroborated by other evidence, will not justify a conviction." Error is assigned because the court did not in that connection admonish the jury that it was for them to say whether or not any admission or confession of guilt had been made by the prisoner.

Error is further assigned on the failure of the court to charge the law of voluntary manslaughter, thereby excluding from the consideration of the jury all the evidence that might have shown or tended to show that de-

fendant was guilty of that offence and not guilty of murder. As to this ground the court certifies that counsel for defendant stated in argument to the jury that this case presented the clear cut issue of murder or justifiable homicide, that it was either the one or the other, and that voluntary manslaughter was not in the case. After hearing the testimony and the prisoner's statement, the court was of the same opinion, and stated to the jury in the first part of the charge that it was admitted by the counsel for the prisoner that the killing was either murder or justifiable homicide; so the court would not charge them upon the law of the other grades of homicide, that is manslaughter voluntary or involuntary. Prisoner's counsel were present, heard this charge and made no objection; nor was there any request to charge, either oral or written, made by prisoner's counsel.

BUSBEE & CRUM, for plaintiff in error.

W. A. LITTLE, attorney-general, and C. B. HUDSON, solicitor-general, contra.