HARALSON & GOWDY, for plaintiff in error.
C. D. HILL, solicitor-general, *contra.*

---

ADAMS *v.* THE STATE.

1. On a trial for perjury, a witness for the State, after reciting what the accused testified when the alleged perjury was committed, may say that it was false, at the same time stating facts which conclusively show that it was false.
2. Unless it appears from the motion for a new trial or the bill of exceptions what the evidence was which was admitted, or what the fact was which was proposed to be proved, the admission of the one, or the rejection of the other, is no cause for a new trial.

3. There was no error in allowing the articles of clothing to which the testimony related, to go in evidence, and afterwards to be delivered by the sheriff to the jury with the caution not to lose them. Nor was it error to allow evidence that the pants had been cut off after they were stolen.

4. The evidence warranted the verdict, and the motion for a new trial was properly overruled.    *Judgment affirmed.*
October 9, 1893.

Indictment for perjury. Before Judge MILNER. Whitfield superior court. October term, 1892.

There was testimony to the effect that defendant was sworn as a witness for the defence at the trial of Napoleon Moss, who was charged with burglary of the house of one Smith, and with stealing therefrom a pair of pantaloons belonging to Smith; and that defendant testified on that trial that he found the pantaloons, among other clothing, in a valise, three or four years previously, and gave them to Savannah Moss, the mother of Napoleon Moss.

In addition to the general grounds, the motion for new trial alleges, that the court erred in permitting Smith and his wife to testify that when the defendant swore on the trial of Moss that he (defendant) found the pants in Florida four or five years before and gave them to Savannah Moss, he swore what was not true. Objection was made to this testimony, on the ground that it was a conclusion of the witness's mind, and that it was for the jury to say whether the defendant had sworn falsely.

Another ground is, that the court, over defendant's objection, permitted his witness, S. P. Maddox, on cross-examination, to testify "what Savannah Moss testified upon the trial of Napoleon Moss, the trial where defendant is accused with having committed perjury," the objection being that this testimony was not admissible to affect the rights of defendant. Error is assigned on the refusal of the court to permit Hamp Moss, the hus-

band of Savannah Moss and father-in-law of the defendant, to testify "what defendant said to Savannah Moss when he gave her the satchel or valise containing the clothes; that is, where he got them." It is insisted that this evidence was part of the *res gestæ* of that transaction, and explained where he got the clothes, and was part of his testimony on the trial of Napoleon Moss. It is further assigned as error that the court permitted the State's witness to testify, over the objection of defendant, that the pantaloons had been cut off at the bottom, the objection being that this was not material. The court admitted the testimony on the question of identification of the pantaloons.

It appears that a pair of pantaloons were identified by several witnesses in the presence of the jury, as the pantaloons which were stolen from Smith's house, and which the defendant, on the trial of Moss, had sworn he gave to Savannah Moss. The last ground of the motion for a new trial alleges that the pantaloons were handed by the sheriff to the jury after they retired, with direction to take them and be sure not to lose them. It is insisted that the court erred in allowing them to go to the jury as evidence, and that their being carried by the sheriff to the jury-room after the jury had retired, may have had an influence on the jury unfavorable to the defendant.

MADDOX & STARR, for plaintiff in error.
A. W. FITE, solicitor-general, *contra*.