## PONDER *v.* THE STATE.

The evidence warranted the verdict, and none of the grounds of the motion for a new trial which were argued in the brief of counsel for the plaintiff in error contain any sufficient reason for reversing the judgment of the trial judge refusing to grant a new trial.

Argued June 16, — Decided July 18, 1902.

Indictment for keeping lewd house. Before Judge Sparks. City court of Brunswick. April 7, 1902.

*Crovatt & Whitfield* and *Ira E. Smith,* for plaintiff in error.
*J. T. Colson, solicitor,* contra.

COBB, J. The plaintiff in error was convicted of the offense of keeping and maintaining a lewd house. He excepted to the judgment of the trial court refusing to grant him a new trial. The defense of the accused was that he was merely the servant, employed at a stipulated salary, of the person who maintained and kept the

house mentioned in the indictment. There was evidence, how-ever, warranting a finding that he was jointly interested with his alleged employer in the business being carried on in the house. There was evidence that the accused lived in the house, collected the rent from the inmates, and exercised acts of ownership in and about the building. All these things might, however, be consistent with the theory of the accused, but there was direct evidence that the accused had, previously to the trial, stated that he was in co-partnership with the other person above referred to, and that on one occasion he stated to one of the inmates that he had as much right to put her out of the building as Williams, the other person interested in the business. In view of all this testimony, it can not be said that the verdict was wholly unsupported by evidence.

The motion for a new trial contains several grounds. Some of them were not argued in the brief of counsel for the plaintiff in error. Those argued do not present any sufficient reasons for ordering a new trial. One of these grounds complains that the court erred in admitting in evidence a contract for the sale of a certain piano, dated June 17, 1901, and signed by G. Williams, by his X mark, and by George Ponder, the accused. The contents of the contract are not set out, either literally or in substance, nor is a copy attached to the motion. It is therefore impossible to tell from the motion whether the objection to the admission of the contract, that it was irrelevant to the issue on trial, was well taken or not. Under a well-settled rule of practice, this ground of the motion presents no sufficient assignment of error. Complaint is made in several grounds of the motion that the court failed to in-struct the jury on the law of circumstantial evidence. The judge in his charge to the jury stated that they might convict on circum-stantial evidence, and then instructed them that if they believed certain facts, which afforded evidence solely of a circumstantial nature, they might convict. The judge might very properly have given the abstract rules of law applicable to circumstantial evi-dence, but his failure to do so in this case will not, in the absence of a pertinent written request so to do, afford any cause for a new trial. There was no error, for the reasons assigned, in any of the extracts from the charge to which exceptions were taken.

*Judgment affirmed. All the Justices concurring, except Lewis,*
*J., absent.*