## WEBB *v.* THE STATE.

LUMPKIN, J.  1. If the trial judge undertakes to instruct the jury as to the methods by which a witness may be impeached, he should instruct them as to all the methods of impeachment, so far as the instructions are authorized by the evidence. But it has been held by this court that his failure to do so will not require the grant of a new trial, where no written request was made to charge the jury as to the mode of impeachment omitted from his instructions upon the subject of impeachment of witnesses. *Millen &c. R. Co.* v. *Allen,* 130 *Ga.* 656 (5), 657 (61 S. E. 541).

2. Where, on the trial of one indicted for murder, the evidence on behalf of the State showed that the decedent was shot by the accused just outside of a house, and a witness testified that just after the shooting the accused had a pistol in his hand, that his wife and the witness, hearing shooting, were going out of the door of the house, and that the accused told them to get back out of the door, as they were liable to get shot, and that he had got one man (applying a vile epithet to him) "falling on his knees now," and did not know who it was, such evidence authorized a charge to the effect that all confessions of guilt should be received with great caution, and that a confession uncorroborated would not be sufficient to warrant a conviction. *Jones* v. *State,* 130 *Ga.* 274 (4), 277 (60 S. E. 840).

(a) The statement mentioned in the preceding headnote was not merely an admission of some minor or subordinate fact or series of facts, which could be true whether the main fact existed or not; but, in the light of the other evidence, it amounted to a statement that the accused had shot the decedent, with no exculpatory addition; or at least the jury could have so found.

(b) The charge was not erroneous in itself, and no request for a further charge on the subject was made.

3. The evidence authorized the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur.*
NOVEMBER 11, 1913.

Indictment for murder. Before Judge Worrill. Early superior court. July 8, 1913.

*Rambo & Wright,* for plaintiff in error.

*T. S. Felder, attorney-general, B. T. Castellow, solicitor-general,* and *R. R. Arnold,* contra.