## EDWARDS *v.* THE STATE.

</div>

1. The evidence authorized a charge on the subject of confessions.
2. It was not error, in the absence of a timely written request, for the judge to fail "to charge the jury the definition of admissions and the weight and credit that the jury might attach to admissions of a defendant made of facts relative to the homicide, and the distinction between such admissions and confessions," and to "fail to distinctly inform the jury that they should consider the statements of the defendant in determining the fact as to whether a confession had been made; and that these statements might not, under the circumstances of the case, amount to a confession, but only to an admission which the jury might consider along with the other evidence in the case."
3. The verdict is supported by evidence, and the court did not err in refusing a new trial.

<div align="center">No. 4488. December 19, 1924.</div>

Murder. Before Judge Hardeman. Washington superior court. July 11, 1924.

*J. Hines Wood* and *E. W. Jordan,* for plaintiff in error.

*George M. Napier, attorney-general, Walter F. Grey, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

Gilbert, J. The accused was convicted of the offense of murder, and sentenced to life imprisonment. His motion for a new trial consists of the general grounds and two special grounds, one of which complains that the court erred in charging the jury as follows: "The general rule is that where evidence is offered in a criminal case, the presiding judge becomes finally the judge of whether the evidence is admissible or inadmissible. There are exceptions to that rule; the admissibility or the non-admissibility of some evidence depends upon a mixed question of law and fact, and that is true as to confessions, because the law says a confession

is not admissible unless the person makes it freely and voluntarily, not induced by another and made not with the slightest hope of benefit or the remotest fear of injury. So that, gentlemen of the jury, if a person makes a confession of guilt that is not freely and voluntarily made, or if induced by another, or if there was the slightest hope of benefit or the remotest fear of injury, the jury ought to disregard it altogether. However, if a person makes a confession and that confession is freely and voluntarily made under the circumstances I have just narrated, the jury could regard it as admissible; and the law declares that all admissions should be scanned with care and confessions of guilt received with great caution. The law further declares that a confession of guilt alone, uncorroborated, is insufficient to authorize a conviction; but the question of corroboration is a question for the jury, and not for the court. I do not mean to tell you that if a party makes a confession, that if it is corroborated, that you ought to convict; that is a question for you; if he makes a confession that you regard admissible under the rules I have just given you, and it is uncorroborated, then you can not convict as a matter of law. It is a question for you whether or not there has been corroboration, and if corroborating circumstances, then whether or not taken all together you believe the defendant guilty beyond a reasonable doubt; and that is a question for your determination. The fact that the party charged to have been murdered was in fact killed in the manner in which the State contends he was killed may be sufficient corroboration of a confession." The criticisms upon this charge are "(a) There was no evidence that the defendant made any confession of guilt. (b) Said charge assumes that the defendant confessed that he murdered the deceased and was guilty of the crime charged in the indictment. (c) The statements of the defendant that he killed the deceased did not amount to a confession or authorize the charge above given, for the reason that such statements were never denied by the defendant, and the defendant admitted in open court the killing of the deceased, under such circumstances as would render the homicide justifiable. (d) Because under the evidence in the case the statements of the defendant that he killed the deceased would amount to nothing more than an admission of one of the elements entering into the crime of murder, and would constitute, at most, only an admission to be considered by

the jury. (e) Said charge excluded from the jury the issue as to whether the statements of the defendant amounted to a confession or only to admissions, and the court nowhere in his charge to the jury presented to the jury the issue as to whether such circumstances amounted to admissions only or to a confession of crime."

It will be observed that there is no contention that the charge on the subject of confession quoted above was not a correct statement of the law. In fact it appears to be full, fair, and correct. Immediately after the killing the defendant stated to a witness, Jonas Scott, that he had killed the deceased. On cross-examination Jonas Scott testified that he "got away from him as quick as he could," and that "he really never had any opportunity to tell me." To the witness Trawick, about nine o'clock, shortly after the homicide, the defendant stated that he had killed the deceased in "self-defense." To the witness Sam Johnson, at another time, the defendant stated, "I have killed Bill Stevens" (the deceased), but on cross-examination Johnson testified, "As to whether he said he killed him because he felt like he had to do it to keep from being killed himself, yes, that is the way, I reckon, he felt about it; that is what he told me; that was about twenty minutes after the killing." Sheriff English testified: "Defendant made a statement to me about it that morning, that was Sunday after the killing Saturday night. He didn't tell me anything except that he done the killing; he didn't say why, and I didn't ask him." Under the facts quoted from the brief of plaintiff in error, the same being as favorable to the accused as the evidence will permit, we think the court was authorized to instruct the jury on the subject of confessions. If it be conceded that the statements of the accused to Trawick and Johnson were not plenary confessions of guilt, but were incriminating admissions coupled with exculpatory explanations, there remains the testimony of the sheriff, English, who testified that "He didn't tell me anything except that he done the killing; he didn't say why, and I didn't ask him." This testimony fully authorized the court to charge the jury on the subject of confessions even if it be conceded, which we do not, that none of the remaining evidence did authorize the charge on that subject. Moreover, there is the evidence of Jonas Scott. *Coney* v. *State,* 90 *Ga.* 140, 142 (15 S. E. 746) ; *Webb* v. *State,* 140 *Ga.* 779 (2) (79 S. E. 1126) ; *Nail* v. *State,* 142 *Ga.* 595 (3) (83 S. E. 226) ; *Thompson* v. *State,*

147 *Ga.* 745 (95 S. E. 292). In the *Nail* case the witness Deloach in substance swore that he was a member of the coroner's jury, that Nail made a statement there, voluntarily and freely admitting the killing, but claiming that he acted in "self-defense." The witnesses Milford Wilson and George Wilson testified to the effect that Nail told them of the negro coming to his home, of running him away twice, of having followed him down the road, and that when the negro was overtaken (Nail was accompanied by Hardee, another defendant) they drove the buggy around him, and that he (Nail) shot him; that he made no statement that the negro came out of the bushes or drew a pistol or made any threat, but merely stated that he had killed him, and that he did not assign any reason for the killing. Based on that evidence this court ruled as follows: "Evidence having been introduced upon the trial to show that the defendant admitted the killing, and no circumstances of justification or alleviation appearing in connection with this admission, the court did not err in charging upon the subject of confession. This is true although the defendant, when referring upon other occasions to the killing, did state circumstances of justification or mitigation." This decision was concurred in by six Justices. "The omission of the judge to charge to the effect that if the statements made were exculpatory and not inculpatory, the principle announced would not apply, will not, in the absence of a request for such a charge, require a new trial." *Newman* v. *State,* 144 *Ga.* 494 (87 S. E. 398). The charge of the court excepted to in the ground of the motion here discussed was not erroneous for any reason assigned.

2, 3. Headnotes two and three do not require elaboration.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*