COATES *v.* THE STATE.

No. 13732.   MAY 14, 1941.

*F. Joe Turner,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. H. Paschall, solicitor-general, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

DUCKWORTH, Justice. ■ The first special ground of the motion for new trial assigns error on the instruction to the jury on the law relating to a confession as evidence. It is contended that the charge was not authorized by the evidence, was not adjusted to the issues in the case, and caused the jury to believe that the judge thought there was evidence of a confession. The evidence shows that upon being asked why he killed the deceased the defendant answered that he did not know, that people acted "squirrelly" sometimes, and that he laid upon top of the hill and wondered why he did it and thought of killing himself. When the question is made a part of the answer, as it must be to make it intelligible, it amounts to an assertion by the defendant that he killed the deceased, followed by the explanation as to why as set forth in his answer. It therefore shows a confession of the crime as charged in the indictment. In *Bowden* v. *State,* 151 *Ga.* 336 (106 S. E. 575), the evidence showed that upon being asked why he killed the deceased the defendant replied by stating reasons; and this court held: "With this evidence in, the court was authorized to charge upon the subject of confession. When the witness asked the defendant why he killed the woman, and he answered that he did it for certain reasons, stating them, this amounted to a confession." In *Webb* v. *State,* 140 *Ga.* 779 (2) (79 S. E. 1126), the deceased was shot just outside the house, and just after the shooting the accused had a pistol in his hand, and as his wife and others were going out of the house the accused told them to go back, as they were liable to get shot, and that he had one man "falling on his knees now." This court held that the evidence amounted to a confession by the accused that he shot the decedent, with no exculpatory explanation, and authorized the charge on confession. In *Nail* v. *State,* 142 *Ga.* 595 (3) (83 S. E. 226), this court said: "Evidence having been introduced upon the trial tending to show that the defendant admitted the killing, and no circumstances of justification or alleviation appearing in connection with this admission, the court did not err in charging upon the subject of confession. This is true although

the defendant, when referring upon other occasions to the killing, did state circumstances of justification or mitigation." In *Edwards* v. *State,* 159 *Ga.* 419 (126 S. E. 16), the evidence relied on as proof of a confession was the testimony of a witness that "He didn't tell me anything except that he done the killing; he didn't say why, and I didn't ask him." This court held that the evidence authorized the charge on confession. To the same effect see *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 740); *Lucas* v. *State,* 146 *Ga.* 315 (9) (91 S. E. 72); *Thompson* v. *State,* 147 *Ga.* 745 (2) (95 S. E. 292); *McCloud* v. *State,* 166 *Ga.* 436 (2) (143 S. E. 558).

The main case relied upon in support of this complaint is *Allen* v. *State,* 187 *Ga.* 178 (3) (200 S. E. 109). It was there held that the statement of the defendant, in reply to a question as to why he struck his mother, the deceased, that she refused to cook for him, did not constitute a confession, and hence did not require a charge on that subject. The record in that case discloses that the defendant was charged with the murder of his mother; that she had been whipped, beaten, choked, and wounded about the head and face with a blunt instrument; that there was a hole in her head made with an instrument such as a guard on a mowing-machine or a screwdriver; and there was a laceration on the side of her face about an inch and a half deep and two or three inches long. The defendant admitted that he slapped her and left her on the floor of the kitchen. Thus it clearly appears that the admission of the defendant did not necessarily embrace the crime charged in the indictment. It might have been one of a series of attacks, but certainly was not an admission of the completed crime charged. In *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100), in ruling on similar evidence this court said: "There is a very wide distinction between admitting the main fact and admitting some minor or subordinate fact or series of facts which could be true whether the main fact existed or not. This distinction has been pointed out at least twice by this court, and frequently by other courts." Thus it is seen that the ruling made in *Allen* v. *State,* supra, has no application to the facts in the present case. The plaintiff in error insists that the answer by the defendant to the question of why he killed the deceased amounts to no more than a refusal to answer, and that if any rule of law is applicable it is that of implied admission, under the Code, § 38-409; but it

is further argued that the refusal to answer here, under the circumstances at the time, did not have the effect of impliedly admitting his guilt. It is argued that the defendant was not required to give evidence against himself, and was authorized to refuse to answer questions touching the crime; and to support this argument the case of *Johnson* v. *State*, 151 *Ga.* 21 (105 S. E. 603), is cited and relied on. This contention is completely answered by the simple fact that the defendant, instead of refusing to answer, did in fact answer the question by admitting that he committed the crime charged in the indictment. This ground is without merit.

■ Special ground 2 complains of an excerpt from the charge which states that the defendant enters upon the trial with the presumption of innocence in his favor, which presumption remains with him unless overcome by evidence sufficient to convince the minds of the jurors of his guilt beyond a reasonable doubt; then defines a reasonable doubt and explains how it may arise; then instructs the jury that they are the exclusive judges of the credibility of witnesses, and what they are authorized to consider in passing upon this credibility; explains that the defendant has a right to make such statement as he deems proper, and that the jury may give it such credit as they think it entitled to, and may believe it in preference to the sworn testimony; then instructs them that the law presumes all witnesses credible and worthy of belief, and that they will not wilfully swear falsely, but further states that the presumption of law that witnesses will not testify falsely is only a prima facie presumption and is not conclusive, and that unless impeached in some manner provided by law, or otherwise discredited in the judgment of the jury, they are presumed to speak the truth. The judge further instructs the jury that it is their right and duty to consider the statement of the defendant, and that they may believe it in preference to the sworn evidence, not capriciously and arbitrarily but in search of the truth; and that there is no presumption touching the defendant's statement, no presumption that it is true and no presumption that it is untrue. The complaint is that the charge is argumentative, prejudicial, and is an incorrect statement of the principle of law as to the weight and credit to be given witnesses testifying under oath, and that there is no presumption of law that witnesses who testify

are credible and worthy of belief, and that the charge is confusing and repugnant. It is the function of the jury, under proper instructions from the court, to determine the credibility of witnesses. Code, § 38-1805. The charge under attack fully instructed the jury to this effect, and as to the matters they were authorized to consider in determining the credibility. Every attack made upon the charge here complained of is answered adversely to the movant by the decision of this court in *Cornwall* v. *State,* 91 *Ga.* 277 (18 S. E. 154), where a charge in substantially the same language was approved. Also, in *Georgia Talc Co.* v. *Cohutta Talc Co.,* 140 *Ga.* 245 (5) (78 S. E. 905), it was said: "There was no attempt to impeach any witness by evidence introduced for that purpose. The court charged that 'the law presumes all witnesses are honest and tell the truth, until the contrary appears by proof.' This charge was not erroneous," citing *Cornwall* v. *State,* supra; 40 Cyc. 2555. There was no attempt in the present case to impeach any of the witnesses by evidence produced for that purpose. That part of the charge instructing the jury that they may believe the statement of the defendant in preference to the sworn testimony, but adding that they may not do so capriciously and arbitrarily, was not erroneous. In *Keller* v. *State,* 102 *Ga.* 506 (9) (31 S. E. 92), the instruction complained of was: "If you find the statement consistent and true, you have the right to believe it in preference to the sworn testimony in the case. You should not do so carelessly and capriciously, but under your oaths as jurors, considering the statement in connection with the sworn testimony in the case, and, testing it in the light of that testimony, give it such weight as you think proper." This court said: "All of us, except Mr. Justice Little, are of the opinion that there was no error in this charge. The statute provides that 'the jury may believe such statement in preference to the sworn testimony in the case.' The jury can do nothing carelessly, capriciously, or arbitrarily; the statute, interpreted according to the meaning of the words used, is the measure of their power. . . Surely the statute never intended to authorize the jury to *accept* the prisoner's statement without consideration of its own truth and without regard to the existence of the sworn testimony." To the same effect, see *Smalls* v. *State,* 105 *Ga.* 669 (5) (31 S. E. 571); *Barnes* v. *State,* 113 *Ga.* 716 (39 S. E. 488); *Harris* v.

*State,* 136 *Ga.* 107 (4) (70 S. E. 952). The excerpt of the charge is not subject to any of the criticisms made.

■ Special ground 3 complains of a statement made by the court in response to an objection by the defendant's counsel to the testimony of State's witness Bawman that he had seen the pistol in the case, the statement objected to being: "I will over-rule the objection. So far as the record is concerned, it appears in the record without dispute that this is the gun which caused the death of Corporal Black. The defendant in his own statement says that that is the gun; he just denied that he is the man that had the gun; he just contends that he got the gun from Butler after the killing." The criticism of this statement is that it was an expression of an opinion of what had been proved, and of what the defendant said in his statement, and was not authorized by either the evidence or the law, and invaded the province of the jury. Then follows what movant contends is a copy of all of the evidence, including the defendant's statement, relating to the gun. Whether or not the criticism of the judge's statement is well founded, a review can not be had on the question, since the objection was raised for the first time in the motion for new trial. The rule on this question has been announced repeatedly by this court. In *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184), complaint was made in the motion for a new trial because of alleged prejudicial remarks made by the court in the presence of the jurors; and it was held that the question was not properly raised. The court said: "But we do not think that, after knowing the remarks had been heard by the jurors present, counsel could proceed with the trial without objection, and, after a verdict of guilty, raise the question which they here seek to have adjudicated in their favor, with the result of setting aside the verdict of the jury and giving the defendant another trial in the court below." Rulings to the same effect were made in *Barnett* v. *Strain,* 151 *Ga.* 553 (5) (107 S. E. 530), and *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597). For the reasons stated, this ground of the motion will not be considered; but it may be observed that according to the defendant's statement before the jury there was no issue as to the identity of the gun, the defendant saying, "I don't deny the gun was caught on me. I don't deny that that was the gun that killed the officer. All I deny is that I was the one that fired the gun that

killed the officer." Therefore, if properly excepted to, the remarks of the court would not constitute reversible error, because the defendant was not injured thereby.

The verdict of guilty is supported by the evidence, and the general grounds of the motion for a new trial are without merit.

*Judgment affirmed. All the Justices concur.*