## WRIGHT v. THE STATE.

BELL, Chief Justice. 1. Both the corpus delicti and the perpetration of the alleged offense by the accused may be shown by circumstantial as well as direct evidence. In the instant case, the evidence was sufficient to establish both elements with respect to the crime of murder as charged in the indictment. *Jester* v. *State*, 193 *Ga.* 202 (17 S. E. 2d, 736).

2. It appearing from the evidence that the person alleged to have been killed was an infant child of the defendant's wife's sister, and that the defendant and his wife had a child of about the same age, evidence that the defendant after being arrested stated to the sheriff that he had killed his own child was not inadmissible upon the ground that the corpus delicti had not been proved, and that the statement of the defendant was not a confession of the crime charged in the indictment; it further appearing that the defendant in making such statement was referring to the transaction in which the child named in the indictment was killed, and that he merely mistook it for his own child at the time of the alleged killing.

(*a*) If the defendant intended to kill his own child, but, under a mistake as to identity, killed another and different child, his act would be measured by the same standard as if he had killed his own child. *Glover* v. *State*, 137 *Ga.* 82 (5) (72 S. E. 926) ; *McLendon* v. *State*, 172 *Ga.* 267 (4) (157 S. E. 475).

(*b*) Whether or not the defendant's statement to the sheriff could be treated as a plenary confession, where it appeared that the child the defendant stated he had killed was a different person from the child named in the indictment, yet it amounted at least to an incriminating statement, and could be proved as a circumstance. *Sheffield* v. *State*, 188 *Ga.* 1 (2), 5 (2 S. E. 2d, 657) ; *Riley* v. *State*, 1 *Ga. App.* 651 (57 S. E. 1031) ; *Kinard* v. *State*, 19 *Ga. App.* 624, 625 (3) (91 S. E. 941) ; *Easterling* v. *State*, 24 *Ga. App.* 424 (100 S. E. 727).

(*c*) Under the preceding rulings there was no merit in the first special ground of the motion for new trial, and on like principles special grounds 2 and 3 were also without merit.

3. Under the evidence, and the statement of the defendant referring to "my axe," the jury were authorized to find that the defendant had only one axe, and that the axe tendered in evidence was the "weapon" with which the deceased was killed. Accordingly, there was no merit in special ground 4.

4. While the defendant first stated to the officers that he had killed his own child, which was not the child that was killed, the evidence authorized a finding that, after later seeing the "dead baby" and learning that it was not his child, he stated that the "dead baby" was the one he had killed. The sheriff further testified: "He told me he killed it with an axe." *Held*, that under the evidence as to these several statements, regardless of others that may have been made, the judge was authorized to charge upon the subject of confessions. Nor was the charge, as given, otherwise erroneous as contended in special ground 5. *Coney* v. *State*, 90 *Ga.* 140 (3) (15 S. E. 746) ; *Owens* v. *State*, 120

*Ga.* 296 (3) (48 S. E. 21); *Jones* v. *State,* 130 *Ga.* 274 (4) (60 S. E. 840); *Allen* v. *State,* 187 *Ga.* 178 (3), 181 (200 S. E. 109, 120 A. L. R. 495); *Daniel* v. *State,* 187 *Ga.* 411 (4), 413 (1 S. E. 2d, 6); *Coates* v. *State,* 192 *Ga.* 130 (15 S. E. 2d, 240).

5. Nor did the court err, as contended in ground 6, in failing to instruct the jury on involuntary manslaughter. The evidence for the State tended to show that the defendant intentionally killed a two-months-old baby by striking him with an axe. The defendant contended that he did not strike the child at all. "Involuntary manslaughter, whether it be the killing of a human being in the commission of an unlawful act, or the killing of a human being in the commission of a lawful act without due caution and circumspection, is the killing of a human being when there is no intention to kill." *Barbee* v. *State,* 175 *Ga.* 307 (2), 310 (165 S. E. 232). See also *Jackson* v. *State,* 91 *Ga.* 271 (3) (18 S. E. 298, 44 Am. St. R. 22); *Moran* v. *State,* 120 *Ga.* 846 (48 S. E. 324); *Cullins* v. *State,* 148 *Ga.* 17 (2) (95 S. E. 675); *Carter* v. *State,* 171 *Ga.* 406 (155 S. E. 670); *Higgins* v. *State,* 172 *Ga.* 221 (3) (157 S. E. 643); *Hilburn* v. *State,* 57 *Ga. App.* 854 (197 S. E. 73). There was nothing in the case to show an involuntary killing.

(*a*) Under the ruling above made, no ruling is necessary as to whether the assignment of error is sufficiently definite; but see *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5).

6. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., Duckworth and Wyatt, JJ., concur. Atkinson, J., dissents.*

No. 15156. July 6, 1945.

588

*R. R. Jones,* for plaintiff in error.

*T. Grady Head, attorney-general, R. A. Patterson, solicitor-general, Hooper, Miller & Head,* and *Victor Davidson, assistant attorney-general,* contra.

ATKINSON, Justice, dissenting. I can not concur in the ruling made in the fourth division of the majority opinion. The mere admission of a killing does not authorize the court to charge upon the law of confessions, for the reason that a killing is not necessarily unlawful. And for the court to so charge is an expression on the part of the court that the accused has made a confession of the commission of a crime. Such a statement is an incriminatory admission and not a confession. There are many cases which deal with an admission of the killing where such admission is accompanied with additional statements either inculpatory or exculpatory.

But the principle of law there enunciated is not here involved. The sole question here presented is whether the admission of a killing where a person is charged with murder would authorize the court to charge the law of confessions. This court has many times held that, where the evidence amounted only to an incriminatory admission, it was error to charge the law of confessions.

In *Owens* v. *State,* 120 *Ga.* 296 (2, 3) (48 S. E. 21), it is said: "A confession, in criminal law, is a voluntary statement made by a person charged with the commission of a crime, . . wherein he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act, and the share and participation he had in it." Also, "A confession is a person's admission or declaration of his agency or participation in a crime, and is restricted to admissions of guilt." After quoting the foregoing definitions from other cases, the decision then states: "These definitions of a confession imply an admission of every essential element necessary to establish the crime wherewith the defendant is charged. Unless the statement of the defendant is broad enough to comprehend every essential element necessary to make out the case against him, it can not be said to be an admission of guilt. There is a difference between an incriminating statement and a confession of guilt. In the former, only one or more facts entering into the criminal act is admitted, while in the latter the entire criminal act is confessed. . . A crime consists in something more than the commission of an act. There must be a union of act and intention."

So, where the only admission is the bare statement of the killing, unaccompanied by any other statement from which an unlawful killing can be inferred, such a bare statement would be no more than the admission of one fact, which standing alone is not necessarily an unlawful act. Before such admission could grow into a confession, something in addition thereto which would indicate the killing to be unlawful must be added. An illustration of this viewpoint may be helpful. Suppose a child runs out into the street in front of an automobile and is run over and killed. The driver stops to render assistance. A stranger asks, "Who killed the child," to which the driver replies, "I did." Is such an admission a confession of the guilt of murder, which would authorize the court to charge the jury to the effect that they may consider such

statement as a confession on the driver's part of the crime of murder? Would such a statement be sufficient to sustain a verdict for murder? I do not think so, for the reason that no complete crime has been admitted, only one element of a crime is established.

The bare admission of a killing as related to the propriety of a charge on confessions must not be confused with the law in reference to the establishment of a prima facie case where the accused admits a wilful and intentional killing. These are entirely different principles of law. There is some authority to sustain the position taken in the majority opinion. In *Nail* v. *State,* 142 *Ga.* 595 (3) (83 S. E. 226), which is a full-bench decision and a syllabus opinion, and in *Edwards* v. *State,* 159 *Ga.* 419 (126 S. E. 16), where one Justice dissented, it is held that the bare admission of the killing therein authorized a charge on confessions. I do not think that these decisions are controlling, for the reason that the manner of applying the facts there is in direct conflict with the principle of the law of confessions as cited and quoted in *Owens* v. *State,* supra; and is in direct conflict with the express ruling on the exact question made in *Davis* v. *State,* 114 *Ga.* 104 (7, 8) (39 S. E. 906), and *Powell* v. *State,* 101 *Ga.* 9 (4) (29 S. E. 309, 65 Am. St. R. 277), which are full-bench decisions, and being older decisions are controlling. In *Davis* v. *State,* supra, it was testified that one of the defendants, shortly after the killing said: "We have killed one d——d Cannon today and . . if [Ben Cannon] comes down here we will get another." The court there said: "The words of Davis did not amount to a confession of guilt, and the judge would have erred had he charged upon the subject of confessions. The statement of Davis amounted merely to an incriminating admission." In a still older case, *Powell* v. *State,* supra—where it was testified that the accused said: "He said that his conscience did not bother him any more about killing Reid than if he had killed a damned dog. He said he was sorry for his wife and on Reid's wife's account"—it was held that these words were in no sense a confession, but only a "criminating admission that he killed Reid," and that it was error to charge the law of confessions. The last two cases just above cited, being older, must be followed until overruled. *Coney* v. *State* (supra), is not authority for the ruling made in the majority opinion. In that case there was no assignment of error complaining that the court

erred in charging upon the law of confessions, and no such question was before the court, as the published report shows. that the error there assigned was the alleged failure to charge an additional feature of the law of confessions. The language used in that decision amounts to no more than a ruling upon the stated assignment of error.