## PRESSLEY *v.* THE STATE.

No. 15554.   September 6, 1946.

270

*Duke Davis,* for plaintiff in error.

*Eugene Cook, Attorney-General, L. M. Wyatt, Solicitor-General,* and *Rubye G. Jackson,* contra.

CANDLER, Justice. (After stating the foregoing facts.) █ In special grounds 1, 2, 3, and 4, error is assigned on the charge as it related to the law of confessions. In each separate ground it is urged that the charge on the subject of confessions was unauthorized by the evidence, since no statement attributable to the defendant amounted to a confession, but at most was only·an incriminating admission. A confession is an admission freely and voluntarily made by the accused whereby he acknowledges himself to be guilty of the offense charged, and discloses the circumstances of the act, and the share and participation he had in it. *Owens* v. *State,* 120 *Ga.* 296 (2, 3) (48 S. E. 21). A confession is direct evidence. *Eberhart* v. *State,* 47 *Ga.* 599; *Riley* v. *State,* 1 *Ga. App.* 651 (57 S. E. 1031). An incriminating statement is one freely and voluntarily made by the accused, which only tends to establish his guilt of the offense charged, or one from which, together with other proven facts and circumstances, guilt may be inferred by the jury. *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100); *Riley* v. *State,* supra. In the *Riley* case, Judge Russell said: "An admission as applied to criminal cases is the avowal or acknowledgment of a fact or of circumstances from which guilt may be inferred, and only tending to prove the offense charged, but not amounting to a confession of guilt." An incriminating

statement is indirect or circumstantial evidence. *Eberhart* v. *State,* supra; *Riley* v. *State,* supra. Where there is evidence showing that the defendant admitted the homicide of which he is accused, and he states in connection therewith no facts or circumstances of excuse or justification, or gives reasons which are insufficient to furnish any legal excuse or justification, the statement amounts to a confession of guilt, and authorizes a charge on that subject. *Jones* v. *State,* 130 *Ga.* 274 (4), 278 (60 S. E. 840); *Webb* v. *State,* 140 *Ga.* 779 (79 S. E. 1126); *Thompson* v. *State,* 147 *Ga.* 745 (2), 749 (95 S. E. 292); *Minter* v. *State,* 158 *Ga.* 127, 132 (123 S. E. 23); *McCloud* v. *State,* 166 *Ga.* 436 (2-a, b), 441 (143 S. E. 558); *Brown* v. *State,* 168 *Ga.* 282 (2), 287 (147 S. E. 519); *Daniel* v. *State,* 187 *Ga.* 411 (4) (1 S. E. 2d, 6); *Coates* v. *State,* 192 *Ga.* 130 (15 S. E. 2d, 240); *Wright* v. *State,* 199 *Ga.* 576 (34 S. E. 2d, 879). But if the accused makes an extrajudicial statement, in which he admits the homicide of which he is charged, but couples the admission with a statement of facts or circumstances which shows excuse or justification, such statement is not a confession of guilt, and it is error to charge the law of confessions. *Owens* v. *State,* supra; *Harris* v. *State,* 152 *Ga.* 193 (6) (108 S. E. 777); *Allen* v. *State,* 187 *Ga.* 178 (4) (200 S. E. 109, 120 A. L. R. 495). Likewise, where the accused makes only an incriminating admission, not amounting to a confession, it is error for the court to charge on the law of confessions. *Dumas* v. *State,* 63 *Ga.* 600; *Jones* v. *State,* 65 *Ga.* 147; *Covington* v. *State,* 79 *Ga.* 687 (7 S. E. 153); *Fletcher* v. *State,* supra; *Powell* v. *State,* 101 *Ga.* 19 (4) (29 S. E. 309, 65 Am. St. R. 277); *Lee* v. *State,* 102 *Ga.* 221 (2), 224 (29 S. E. 264).

In the light of these principles, how does the case presently before us stand? The record discloses that the defendant had made three separate statements. To the witness Bates he said that he had been hunting and had an accident, that he had shot a negro. Later he told the witness Addie Lee Johnson that he was running from the police because he had killed a negro. And still later, when asked by the witness Hilyer why he had killed this woman (the person of whose homicide he was charged), his reply was that he was coming up the branch, shot at a rabbit, and hit the woman. In further response to Hilyer's question if he knew the woman, he said: "Yes, I knew her, she used to wash for us." Applying the

rule announced in the *Riley* case, supra, and the *Fletcher* case, supra, neither statement attributed to the defendant, standing alone, is sufficient to show a confession of guilt. They are each lacking in vital elements of the offense charged. Construing the first two statements separately in the light most unfavorable to the defendant, they amount to no more than incriminatory admissions. The third statement, made to the sheriff, when considered with the questions propounded, admits the homicide, but shows circumstances of justification; but when all three of the statements are construed together, they amount to no more than an admission by the defendant that he was out rabbit hunting, shot at a rabbit, and accidentally hit and killed the person named in the indictment.

Applying the foregoing principles to the facts in this case, it was erroneous to charge on the law of confessions.

■ Special ground 5 complains of this statement in the charge: "Now, gentlemen, in this case also the State relies on a confession."" We have held in the preceding division of this opinion that no statement attributable to the defendant amounted to a confession of guilt. The Code, § 81-1104, provides: "It is error for any judge of a superior court, in any case, whether civil or criminal or in equity, during its progress, or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused." It is insisted here that the portion of the charge complained of was an expression or intimation of an opinion by the court that the evidence was sufficient to show a confession of guilt by the accused. We think that this contention is meritorious. In *Fletcher* v. *State,* supra, where the court had charged on the law of confessions, Chief Justice Bleckley, as a reason for reversing the judgment on that error alone, said: "What the court said to the jury on the subject was well calculated to prejudice the prisoner, for it might have induced the jury to think that the declarations shown to have been made by him could be treated, not only as a part of the material from which an inference of guilt might be drawn, but as a confession of guilt, direct or indirect, made by himself." The same reasons hold good in this case. The jury had a right to and they naturally would infer, from the fact that the court charged them the law relating to confessions of guilt, that they could construe the words proven to have been spoken by the accused as such a confession. The portion of the

charge complained of, therefore, was erroneous for the reason assigned.

■ Special ground 6 assigns error on the following part of the charge: "Now, gentlemen, the law presumes every homicide to be malicious until the contrary appears from circumstances of excuse, alleviation, or justification; and it is incumbent upon the defendant to make out such circumstances to the jury, unless they appear from the evidence produced against him. Now, while it is true that when a homicide has been shown, the law presumes that homicide to be malicious, yet that presumption of malice may be rebutted by the defendant by evidence offered by the State, or for the defendant, either or both." In this same connection the court further charged: "There can be no murder, under the law of this State, without malice, either express or implied." It is urged, however, that the charge was erroneous because the State had introduced two statements alleged to have been made by the defendant: One to the witness Bates that he had had an accident, that he had shot a negro; and the other to the witness Hilyer that he had killed this woman when he shot at a rabbit and hit her. And it is urged that, "if the statements of the defendant are to be construed as an admission that he committed the homicide, this qualification of the admission of the homicide robs it of the nature of murder, and the court was not justified in reference to the charge of presumption of malice."

The charge as to which complaint is made correctly stated an abstract principle of law. Code, § 26-1004; *Jones* v. *State,* 181 *Ga.* 19 (3) (181 S. E. 80). The State did not rely wholly upon the admissions of the accused for proof of the homicide and his connection with the killing. The State sought by circumstantial evidence, as the record reveals, to show that he was the actual perpetrator of the offense charged against him. In *Campbell* v. *State,* 124 *Ga.* 432 (2) (52 S. E. 914), it was said: "The fact that in a trial for murder circumstantial evidence is relied on to prove both the corpus delicti and the connection of the accused with the killing does not render inapplicable a charge that 'upon the unlawful killing of a human being malice is presumed by law, and that presumption remains unless it is rebutted by satisfactory testimony.'" It may be conceded here that some of the evidence relied upon by the State as proof of the homicide by the defendant did show ac-

■

cidental death, but there was other testimony tending to show that the defendant committed the homicide, which testimony, if believed by the jury, utterly disproved any excuse, alleviation, or justification. In view of all of the facts and circumstances disclosed by the record, we think that the charge was adjusted to the evidence and was properly given. The error assigned is without merit.

By special ground 7 error is assigned on the following expression by the court in his charge: "In this case, gentlemen, the State relies in part upon circumstantial evidence." It is insisted here that a conviction depended entirely upon circumstantial evidence, and that this expression by the court amounted to an intimation of the court's opinion that the statements attributed to the defendant were confessions of guilt. This contention is without merit. The evidence relied upon by the State was not wholly circumstantial. In *Blocker* v. *State,* 185 *Ga.* 322 (195 S. E. 207), this court said: "Thus, where the attendant facts and circumstances are such as strongly tend to establish the commission of the homicide by the accused as charged in the indictment, and where, as here, he admits in his statement the shooting, but claims justification, the case is not one depending wholly upon circumstantial evidence." In this connection, see also *Cole* v. *State,* 178 *Ga.* 674 (173 S. E. 655); *Strickland* v. *State,* 167 *Ga.* 452 (145 S. E. 879). While we have held in the first division of this opinion that the statement made by the accused to the witness Hilyer, to the effect that he had accidentally killed the deceased, does not amount to a confession of guilt, it does furnish, however, direct proof of the homicide and that he was the slayer. Therefore, since the State did rely both upon direct and circumstantial evidence for a conviction, this attack made upon the charge is not meritorious.

For the reasons stated in divisions one and two of this opinion, it was error to overrule the motion and refuse to grant a new trial.

*Judgment reversed. All the Justices concur. Atkinson, J., concurs in the judgment, but not in all that is said in the opinion.*