HARRIS, *alias* WILLIAMS, *v.* THE STATE.

No. 17197. SEPTEMBER 13, 1950.

*W. C. Smith* and *P. B. Ford,* for plaintiff in error.

*Eugene Cook, Attorney-General, J. Bowie Gray, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

CANDLER, Justice. Willie B. Harris, *alias* Chess Williams, was indicted in Worth County for murder. He filed a plea of not guilty. The jury convicted him without recommendation, and he was sentenced to death by electrocution. A motion for new trial was made, which, after being amended by adding three special grounds, was overruled. The exception is to that judgment.

The evidence at the trial, in so far as necessary to be stated, tended to show the following: Tiny Cheney, a widow, and her two small children, resided with her parents in Worth County. The defendant, a widower and a much older person than the deceased, had been "calling on" her frequently for some time. She had told him that she could not marry him, and he had stated to a member of her family that he had rather see her dead than have her refuse to marry him. He was at her father's home to see her on the night of July 9, 1949. On the following night, about ten o'clock, the deceased went in her father's kitchen and just as she started to take a drink of water someone from the outside shot through an open window and killed her almost instantly, a full load from a shotgun entering her head just back of the left ear. No one saw who did the shooting. The defendant was arrested several days later in Birmingham, Alabama. On being returned to this State, he freely and voluntarily stated to D. S. Hudson, the Sheriff of Worth County—after first telling him at length about his courtship with the deceased and several threats which she had made to kill him because of his association, as she thought, with another woman: that, on the day before the deceased was shot, he could not rest, and that he left home that morning and went over to a neighbor's house—thought he would play a game of chess, but he could not get his mind on that and he did not stay there very long; that he walked and walked that day, worrying about the threats the deceased had made to him; that finally during the evening he went to town and went over to his stepson's house and told him that he wanted to get his shotgun, as he had decided to or was trying to trade it to Charlie Terry for a pistol; and that he got his gun. Then, later on, he went to where the deceased lived, set his gun down, and thought he would go in and talk to her, but about that time she came in the kitchen, got a drink of

water, and just as she started to drink it he shot her and then ran, going over to the railroad where he threw his gun in a pond of water. In his statement to the jury, the defendant said: "Judge, please, Your Honor, gentlemen of the jury, please Your Honor, Tiny threatened to kill me—she threatened to take my life is the reason I took her's." Following this, he made a long statement to the jury recounting the events of his courtship with the deceased, his love for her, and told of several threats which she had made upon his life to him because of his association with another woman, as she claimed.

■ One ground of the amended motion for a new trial assigns error on an instruction by the court relating to confessions of guilt, on the ground that the evidence did not authorize a charge on that subject, but no contention is made that the charge as given was abstractly incorrect. A confession is a voluntary statement made by a person charged with the commission of a crime, wherein he acknowledges himself to be guilty of the offense charged. Code, § 38-401; *Owens* v. *State,* 120 *Ga.* 296 (2) (48 S. E. 21). It will not suffice where only certain facts are admitted from which the jury may or may not infer guilt. *Covington* v. *State,* 79 *Ga.* 687 (7 S. E. 153); *Fletcher* v. *State,* 90 *Ga.* 468 (17 S. E. 100). Where the accused makes an extra-judicial statement, in which he admits the homicide with which he is charged, but couples the admission with a statement of facts or circumstances which shows legal excuse or justification, such statement is not a confession of guilt, and, in such a case, it is error for the judge to charge the law of confessions. *Owens* v. *State,* supra; *Harris* v. *State,* 152 *Ga.* 193 (6) (108 S. E. 777); *Pressley* v. *State,* 201 *Ga.* 267 (39 S. E. 2d, 478). But where there is evidence showing that the defendant admitted the homicide of which he is accused, and he states in connection therewith no facts or circumstances of excuse or justification, or gives reasons which are insufficient, if true, to furnish any legal excuse or justification, the admission or statement amounts to a confession of guilt, and authorizes a charge on that subject. *Jones* v. *State,* 130 *Ga.* 274 (4), 278 (60 S. E. 840); *Thompson* v. *State,* 147 *Ga.* 745 (2), 749 (95 S. E. 292); *Minter* v. *State,* 158 *Ga.* 127, 132 (123 S. E. 23); *Brown* v. *State,* 168 *Ga.* 282 (2), 287 (147 S. E. 519); *Daniel* v. *State,* 187 *Ga.* 411 (4) (1 S. E.

2d, 6); *Coates* v. *State*, 192 *Ga.* 130 (15 S. E. 2d, 240); *Wright* v. *State*, 199 *Ga.* 576 (34 S. E. 2d, 879); *Edmonds* v. *State*, 201 *Ga.* 108 (39 S. E. 2d, 24). Justifiable homicide is the killing of a human being by commandment of the law in the execution of public justice; by permission of the law in advancement of public justice; in self-defense, or in defense of habitation, property or person, against one who manifestly intends or endeavors, by violence or surprise, to commit a felony on either; or against any persons who manifestly intend and endeavor, in a riotous and tumultuous manner, to enter the habitation of another for the purpose of assaulting or offering personal violence to any person dwelling or being therein. Code, § 26-1011. But a bare fear of any of those offenses, to prevent which the homicide is alleged to have been committed, shall not be sufficient to justify the killing. § 26-1012. And provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder. § 26-1007; *Fargerson* v. *State*, 128 *Ga.* 27 (57 S. E. 101); *Smith* v. *State*, 198 *Ga.* 849 (3), (33 S. E. 2d, 338). "One who deliberately kills another, not for the purpose of preventing any impending wrong, but in revenge for a past offense, however heinous such an offense may be, is guilty of murder." *Channell* v. *State*, 109 *Ga.* 150 (2) (34 S. E. 353). Tested by the rules just announced, the statement which the accused made to the witness Hudson amounted to a confession of guilt, no legal excuse or justification for the killing having been given as a reason therefor. Consequently, a charge on the subject of confessions was not erroneous for the reason assigned.

(a) In view of the above ruling, there is obviously no merit in the contention made in the second ground of the amended motion that a charge on the law of confessions in the instant case was erroneous because it violated Code § 81-1104, which provides that the trial judge shall in no case during its progress, or in his charge to the jury, express or intimate his opinion as to what has or has not been proven, or as to the guilt of the accused; and this is true for the reason that the charge as given on that subject was adjusted to and fully authorized by the evidence, and a charge when so given is not subject to the criticism here made. *Turner* v. *State*, 138 *Ga.* 808 (76 S. E. 349); *Garrett* v.

*State,* 157 *Ga.* 817 (122 S. E. 211). Compare *Pressley* v. *State,* supra.

(b) And since a confession of guilt is direct evidence (*Eberhart* v. *State,* 47 *Ga.* 599; *Pressley* v. *State,* supra), and a conviction in this case, therefore, did not depend entirely upon circumstantial evidence, there is likewise no merit in the contention made in special ground three that a new trial should be granted to the movant because of the court's failure, even in the absence of a timely written request, to instruct the jury fully on the law of circumstantial evidence. *Ponder* v. *State,* 115 *Ga.* 831 (42 S. E. 224); *Hicks* v. *State,* 146 *Ga.* 221 (91 S. E. 57). However, we would not like to be understood as holding in this case that the trial judge did not fully charge on the subject of circumstantial evidence.

It is well settled by repeated decisions of this court that a confession, freely and voluntarily made by the defendant, is direct evidence of the highest character, and, when corroborated by proof of the corpus delicti, is sufficient to authorize a conviction. *Cook* v. *State,* 11 *Ga.* 53, 59 (56 Am. D. 410); *Mercer* v. *State,* 17 *Ga.* 146; *Davis* v. *State,* 105 *Ga.* 808, 813 (32 S. E. 158); *Calvin* v. *State,* 118 *Ga.* 73, 74 (44 S. E. 848). Measured by this rule, the evidence in the present case was amply sufficient to support the verdict, and the general grounds of the motion for new trial are therefore without merit. Consequently, no error is shown.

*Judgment affirmed. All the Justices concur.*