19845. EDWARDS *v.* THE STATE.
19847. BLOUNT *v.* THE STATE.

Argued September 11, 1957—Decided October 11, 1957.

554

*Lewis & Rozier, Dickens & Dickens,* for plaintiffs in error.

*George D. Lawrence, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.

DUCKWORTH, Chief Justice. ██ Headnotes 1 and 2 require no further elaboration, and hence will not be further discussed in the opinion.

██ Complaint is made in the amended grounds as to the allowance in evidence, over objection, and the taking and keeping in the jury room of certain articles of evidence while the jury was deliberating. Certain of these exhibits were photographs of the body of the deceased. When the pictures of the body had been allowed in evidence without objection, there was no reason for not allowing them to go out with the jury. This and all of the evidence was proper matter for the jury to have out with it. This case is entirely different from *Royals* v. *State,* 208 *Ga.* 78 (2) (65

S. E. 2d 158), where the majority opinion held that a written confession was erroneously allowed to go out with the jury. The opinion so ruling expressly placed it upon the ground that the veracity of the one making the statement was involved. There is no issue of veracity about the pictures they portray, not in words but solely by sight as to what they contain.

It might insure a fairer trial to exclude gruesome photographs of a slain person unless they serve a real purpose in proving the material elements of the case. Their introduction when they can serve no purpose but to show a terrible corpse is an excitement of passion against the accused, and the law should not allow a trial for life to be clouded with passion. But once introduced without objection, they are evidence, and the jury is entitled to the exclusive custody of all evidence. *Davis* v. *State*, 91 *Ga.* 167 (17 S. E. 292) ; *Adams* v. *State*, 93 *Ga.* 166 (18 S. E. 553). Thus the grounds of the motions complaining thereof are without merit.

■ We need not encumber this opinion with citation of the numerous decisions relating to an exception to a charge on confessions where it was contended that the statement of the accused was not a confession. Many such decisions are cited in *Fields* v. *State*, 211 *Ga.* 335 (1) (85 S. E. 2d 753), *Harris* v. *State*, 207 *Ga.* 287 (61 S. E. 2d 135), and *Pressley* v. *State*, 201 *Ga.* 267 (39 S. E. 2d 478). We think there is unanimous agreement that it is reversible error to charge on confession when there was no confession. With equal unanimity it is agreed that to be a confession a statement of the accused must admit every material element of the crime charged against him. Also, it is unquestionably the law that the "corpus delicti" is an essential part of the crime and must be shown to warrant a conviction.

It would seem that, in view of the foregoing statements of law upon which we must all agree, we should be able to agree upon whether the facts in the proven statement of each of the accused constitutes a confession. That statement shows the motive and intent of the accused, which was to rob by force and violence; that, in the execution of the plan to rob, the deceased was beaten severely on the head with instruments capable, when used in that manner, of producing death, and he was left on the floor and the robbery consummated. But depending alone upon the statements, no one can say that the deceased is dead. The corpus

delicti is not even mentioned. Thus the statements confess acts charged in the indictment, but they do not even mention the material and essential allegation in the indictment that the victim died. Conceding every word of the statements to be true, a verdict of guilty, if the law did not require corroboration, depending entirely upon the facts shown by their statements, could not be upheld. It follows that no confession was shown, and it was reversible error to charge the law on confessions.

While there is much similarity in an incriminating admission and a confession, there is also a vital difference. The former may be entirely true and still the one making it be innocent in so far as it is concerned. But the latter is inconsistent with innocence, and so far as it is concerned the person is guilty of the crime charged. And we believe the average juror readily sees the difference, and will be more strongly persuaded that the accused is guilty by being told he has made a confession than by being told he made an incriminating statement. And since under the law a charge without evidence is erroneous, a charge on the law of confessions is indicative of the judge's opinion that the evidence shows a confession. *Pressley* v. *State*, 201 *Ga.* 267, 272 (2), supra.

The court, having committed reversible error in charging on confessions, also erred in denying the amended motions for new trial complaining of such charge.

*Judgments reversed. All the Justices concur, except Candler and Hawkins, JJ., who dissent.*

CANDLER and HAWKINS, Justices, dissenting. We dissent from the ruling of the majority in the 4th division of the opinion and from the judgment of reversal. In a homicide case it is not necessary that the defendant should say in so many words that he had committed murder in order to authorize a charge on the law of confessions. An admission of the main fact, from which the essential elements of the criminal act may be inferred, amounts to an admission of the crime itself. Where, as in this case, the defendants admitted, without qualification, that, during the commission by them of a robbery of the deceased, they inflicted upon him wounds with a rock, a bar, and an axe, which other evidence showed produced death, this was sufficient to authorize a charge on the law of confessions. *Coney* v. *State*, 90

*Ga.* 140 (3) (15 S. E. 746); *Webb* v. *State,* 140 *Ga.* 779 (79 S. E. 1126); *Lucas* v. *State,* 146 *Ga.* 315 (91 S. E. 72); *Morrow* v. *State,* 168 *Ga.* 575 (148 S. E. 500); *Wright* v. *State,* 186 *Ga.* 863 (199 S. E. 209); *Coates* v. *State,* 192 *Ga.* 130 (15 S. E. 2d 240); *Fields* v. *State,* 211 *Ga.* 335 (85 S. E. 2d 753); *Weatherby* v. *State,* 213 *Ga.* 188 (2) (97 S. E. 2d 698).