## 39063. CAMPBELL v. THE STATE.

Decided October 17, 1961.

*Thompson & Briley, H. Dale Thompson, A. S. Boone,* for plaintiff in error.

*W. W. Larsen, Jr., Solicitor-General,* contra.

JORDAN, Judge.  Bobby Campbell and a codefendant, Edwin Hall, were jointly indicted in Laurens Superior Court for murder.  The defendant Campbell was tried separately and convicted of voluntary manslaughter whereupon he filed a motion for new trial which, as amended, was subsequently overruled by the trial court.  The exception is to that judgment.

The defendant Campbell in his unsworn statement to the jury admitted that on the morning of the homicide he, the codefendant, Edwin Hall, and the decedent had been involved in a dispute at a local restaurant; that he and Hall left the restaurant and went to Hall's home where they procured a shotgun; and that they subsequently returned to the restaurant.  The uncontradicted evidence shows that the codefendant Hall re-entered the restaurant and shot the decedent.

Coupled with the defendant Campbell's admission that he and Hall had returned to the restaurant with Hall's shotgun in Campbell's automobile was his statement that they had gone to Hall's home to get the gun in order to go rabbit hunting at the airport and that they simply stopped at the restaurant in order to get some cigarettes.  Campbell further stated that when they returned to the restaurant the codefendant, noticing that the decedent was still there, jumped out of the car with the shotgun saying that he was going in and scare him, whereupon the defendant Campbell stated:  "I jumped out behind him and yelled at him.  I told him that if he went inside with a gun, I was going to leave him.  I stood at the corner of the building until he went inside and I ran back and got in the car and went home."  Extrajudicial statements made by the defendant Camp-

bell which were substantially the same as his unsworn statement were introduced in evidence.

While the defendant's statement may have contained certain incriminatory admissions, said admissions were coupled with an explanation of the defendant's conduct consistent only with his innocence in the matter under investigation. Should a jury believe the defendant's statement, in its entirety, it would be authorized to acquit him. It is obvious, therefore, that no confession is shown either by the defendant's unsworn statement to the jury or by the extrajudicial admissions attributed to him.

"We think there is unanimous agreement that it is reversible error to charge on confession when there was no confession. With equal unanimity it is agreed that to be a confession a statement of the accused must admit every material element of the crime charged against him." *Blount v. State*, 213 Ga. 552, 555 (100 SE2d 172).

There being no evidence of a confession of the defendant Campbell in the record of this case, it was reversible error for the trial court to charge on the law of confessions. *Pressley v. State*, 201 Ga. 267 (39 SE2d 478) and cases therein cited. The trial court therefore erred in overruling special ground 4 of the amended motion which assigned error on the court's charge relating to the law of confessions as being unwarranted by the evidence. The contention of the State that this charge was authorized by the evidence since a confession of the codefendant, Edwin Hall, who had been previously tried and convicted, was a part thereof, is without merit since the trial court in its charge did not limit the jury's consideration of the charge relating to confession to the statements of the codefendant Hall.

We have carefully examined the remaining special grounds and have found no reversible error therein. Since this case is to be tried again, the general grounds are not ruled upon.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*