34830.   BARKSDALE *et al. v.* THE STATE.

Decided October 10, 1953.

*J. T. Sisk,* for plaintiffs in error.
*Carey Skelton, Solicitor-General,* contra.

862

GARDNER, P. J. ■ Counsel for the defendants insists upon the general grounds and the special grounds. He states that since they are so closely related they should be presented together, and this is done. We find the general grounds without merit.

■ Special ground 1 assigns error on the ground that, since the defendants were indicted jointly for the felony of distilling, manufacturing, or making the alcoholic liquors enumerated in Code § 58-206, no one or more of the defendants could be convicted upon the testimony of any one or more of them unless that testimony also is corroborated by other facts or circumstances established to the exclusion of every other reasonable hypothesis save that of the guilt of the accused. Movants contend that they should be granted a new trial in this case for the reason that, the evidence upon the trial having been solely circumstantial other than admissions, incriminating statements, or confessions made by one or more of the defendants, as testified by the State's witness but denied by each and all of the defendants, the circumstantial evidence in the record was insufficient to authorize a conviction of the defendants and, being so, was insufficient corroboration of the alleged incriminating statements, admissions, or confessions; and that therefore the evidence for the State as a whole was insufficient to authorize a verdict of guilty against the defendants.

Special ground 2 complains as follows: "Movants further say that they should be granted a new trial in the above stated case for the reason that the State relied upon for a conviction of the defendants, the testimony of R. F. Thomas and W. B. Griffith as to certain admissions, incriminatory statements or confessions, made by one or more of the defendants and that the circumstantial evidence adduced from the State's witnesses, R. F. Thomas and W. B. Griffith, adduced to corroborate the alleged admissions, incriminatory statements, or confessions of one or more of the defendants or vice versa, being itself insufficient to warrant a conviction of the defendants was insufficient as corroboration of the said admissions, incriminatory statements or confessions of any one or more of the defendants, and therefore, the evidence as a whole was insufficient to warrant a conviction of the defendants and movants herein."

To sum up the assignments of error and the contention in these

two special grounds, the contention is this: that the confessions of the defendants were not sufficiently corroborated to sustain a conviction. The provisions of law concerning this question are stated in Code § 38-420 as follows: "All admissions shall be scanned with care, and confessions of guilt shall be received with great caution. A confession alone, uncorroborated by any other evidence, shall not justify a conviction." The evidence is abundantly sufficient to prove a confession freely and voluntarily made by each of the defendants.

We will not discuss the circumstantial evidence as to whether the defendants are guilty of the crime charged, aliunde of the proof of the corpus delicti. But we will discuss briefly the principle of law that proof of the corpus delicti and of the confession is sufficient to sustain the verdict returned. The evidence overwhelmingly sustains the corpus delicti, that is, intoxicating liquor was being made by distillation and by fermentation of mash, generally known as beer. The officers stated that they tested it and knew positively that it was fermented alcoholic beer. The court charged fully and correctly as to all phases of the law in connection with this charge against the defendants. There is no exception to any portion of the court's charge. It was full, fair, and complete. This court and the Supreme Court have many times held that proof of the corpus delicti is sufficient corroboration of a free and voluntary confession. *Harris, alias Williams, v. State*, 207 *Ga.* 287 (2), (61 S. E. 2d 135), reads: "A confession, freely and voluntarily made by the accused, is direct evidence of the highest character, and when corroborated by proof of the corpus delicti, is sufficient to authorize a conviction." See *Mills* v. *State*, 81 *Ga. App.* 463 (59 S. E. 2d 44), and the many citations under Code (Ann.) § 38-420, catchwords "Corpus delicti."

The court did not err in denying the motion for new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*