## WORTHAN *v.* THE STATE.

ATKINSON, J. 1. Evidence was offered that on several occasions the defendant had made threats against the deceased, and one of the witnesses, whose acquaintance with the defendant began in the month of the homicide, in addition to testifying to threats made a day or two prior to the homicide, also testified that on another occasion the de-

fendant had told him of a difficulty he had with the deceased about two years before the conversation. This latter conversation was relevant as tending to show, in connection with other evidence, that the defendant harbored malice against the deceased.

2. Where the evidence submitted by the State develops a case of homicide without mitigation or justification, and the evidence submitted by the defendant authorizes an instruction on voluntary manslaughter and justifiable homicide, which is given by the court, an instruction that "if you find a homicide is proved to have been committed by the person charged, with an instrument which the jury finds was, in the manner in which it was used upon the occasion in question, a weapon likely to produce death, the law, from the use of such a weapon in that manner, presumes malice and intent to kill," will not require a new trial. *Flannigan* v. *State*, 135 *Ga.* 221 (4), 223 (69 S. E. 171); *Boyd* v. *State*, 136 *Ga.* 340 (3), 341 (71 S. E. 416); *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

3. The evidence authorized a charge of the law as embodied in the Penal Code (1910), §§ 71, 73; and the principles of law therein contained were not confused in the court's instruction.

4. The requests to charge, in so far as correct and pertinent, were fully covered in the general charge.

5. The charge respecting the effect to be given to the prisoner's statement, and the excerpt from the charge complained of relating to voluntary manslaughter, were not subject to the criticisms made upon them.

6. The alleged newly discovered evidence was merely cumulative and impeaching in character.

7. The evidence authorized the verdict, and no sufficient reason is made to appear for setting it aside.

> *Judgment affirmed. All the Justices concur.*
> FEBRUARY 17, 1914.

Indictment for murder. Before Judge Edwards. Paulding superior court. November 5, 1913.

*J. J. Northcutt, A. J. Camp,* and *W. T. Roberts,* for plaintiff in error. *T. S. Felder, attorney-general, J. R. Hutcheson, solicitor-general,* and *A. L. Bartlett,* contra.