## NAIL *v.* THE STATE.

BECK, J. 1. It appearing that this case had been continued at the instance of the defendant one or more times previously to the term at which it was tried, it can not be said that the refusal of the court to continue the case upon the motion of the defendant amounted to such an abuse of discretion as would authorize this court to disturb the judgment of the court below refusing the continuance.

2. It appearing in the evidence introduced by the accused that the only actual or apparent danger with which the accused claimed to have been menaced at the time of firing the shot which resulted in the death of the decedent was one which actually or apparently put in jeopardy the life of the accused, the court did not err in charging, when instructing the jury upon the subject of justifiable homicide, that "the danger need not necessarily be actual and existing danger; but an apparent danger, if acted upon by the defendant at the time under a bona fide belief that his life was in danger, would be the equivalent of an actual existing danger, if acted upon at the time." The charge would have been more complete if the court had instructed the jury that an apparent danger, if acted upon by the defendant at the time under a bona fide belief that his life was in danger or that a felony was about to be committed upon

him, would be the equivalent of an actual existing danger; but the omission of the words, "or that a felony was about to be committed upon him," under the facts of the case as indicated above, is not ground for a new trial.

3. Evidence having been introduced upon the trial tending to show that the defendant admitted the killing, and no circumstances of justification or alleviation appearing in connection with this admission, the court did not err in charging upon the subject of confession. This is true although the defendant, when referring upon other occasions to the killing, did state circumstances of justification or mitigation.

4. The court did not err in charging the jury as follows: "If you should find from the evidence that this defendant, in the manner and form alleged in the indictment, took the life of the deceased, and that act was accompanied with malice, why, gentlemen of the jury, you would be authorized, and it would be your duty, to find the defendant guilty of murder under the indictment. You may look to all the facts and circumstances of the killing to see whether or not malice existed." The indictment charged an unlawful killing, and the word "malice," as used in this charge, is legal malice, and not malice in the ordinary popular meaning of that term. And such malice, as an ingredient of the crime of murder, imports an unlawful killing, and an unlawful killing accompanied with malice is murder.

5. No error of law appearing to have been committed by the court upon the trial of the case, and the evidence authorizing the verdict, the judgment of the court below refusing a new trial should not be disturbed.

*Judgment affirmed. All the Justices concur.*
OCTOBER 14, 1914.

Indictment for murder. Before Judge Sheppard. Tattnall superior court. January 21, 1914.

*E. J. Giles, H. D. D. Twiggs,* and *Hines & Jordan,* for plaintiff in error. *Warren Grice, attorney-general,* and *N. J. Norman, solicitor-general,* contra.