## 19112. PHILPOT *v.* THE STATE.

ARGUED SEPTEMBER 14, 1955—DECIDED NOVEMBER 15, 1955—
REHEARING DENIED NOVEMBER 29, 1955.

*Max R. McGlamry, Ralph M. Holleman*, for plaintiff in error.
*John H. Land, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson*, contra.

HEAD, Justice. 1. Walter, alias "Red," Philpot was charged with the murder of Lloyd Lockhart, and his trial resulted in a verdict of guilty without a recommendation of mercy. His motion for new trial as amended was denied, and the exception is to that judgment.

The only contention made under the general grounds of the motion for new trial is that the State failed to establish proof of the identity of the deceased as that of Lloyd Lockhart, the person alleged in the indictment to have been killed by the defendant.

The coroner of the county testified that he examined the body of Lloyd Lockhart, and he stated the nature of the wounds on the body which resulted in death. He stated that the body was

identified by the wife of the deceased, Edna Lockhart, in his presence, and that several other people were there at the time, and they referred to the deceased as Lloyd Lockhart.

It is insisted by counsel for the defendant that no evidence was introduced by the State to prove that Edna Lockhart was the wife of Lloyd Lockhart, or that she was the wife of the deceased, and that the only connection of Edna Lockhart with Lloyd Lockhart is contained in the testimony of the coroner, who was unacquainted with the deceased.

There is no evidence in conflict with the coroner's testimony that the deceased was Lloyd Lockhart, and that Edna Lockhart was his wife. Two witnesses testified that they saw the defendant on the night of the homicide, and that he stated to them that he had killed his stepfather. A witness for the defendant stated that she saw Lloyd Lockhart, his wife, Edna Lockhart, and the defendant together on the evening of the homicide. The defendant in his statement identified Edna Lockhart as his mother, and Lloyd Lockhart as the person who had been killed (although he stated that he had not killed the deceased). The defendant's statement was sufficient to establish this element of the corpus delicti. *Dumas* v. *State*, 62 *Ga.* 58, 59 (3); *Hargroves* v. *State*, 179 *Ga.* 722, 725 (177 S. E. 561).

The evidence was sufficient to authorize the verdict, and the general grounds of the motion for new trial are without merit.

2. Ground 1 of the amended motion sets out the court's charge on the statement of the defendant, the credibility of witnesses, and conflicts in the evidence. It is not asserted that any portion of this charge was not sound as an abstract principle of law, but it is insisted that the jury might have believed from this charge that, if there was an irreconcilable conflict between the testimony of the witnesses for the State and the defendant's statement, the jury must believe the testimony of the State's witnesses and reject the statement of the defendant. The charge is not reasonably susceptible of this construction, and this ground is without merit.

3. In ground 2 complaint is made of the following charge: "Now, gentlemen, a reasonable doubt is one that is based upon some ground in the testimony, the want of testimony or the defendant's statement, a doubt reasonably and fairly entertained

as opposed to a vague or fanciful doubt." It is contended that this charge was not sound as an abstract principle of law, and that the charge may have misled the jury into believing that a reasonable doubt in the case had to be raised by testimony of the witnesses, and excluded any consideration that a reasonable doubt could be raised by any evidence or the want of evidence in the case. There is no merit in this ground. *Chancey* v. *State*, 145 *Ga.* 12 (88 S. E. 205); *Lampkin* v. *State*, 145 *Ga.* 40 (3) (88 S. E. 563).

4. In ground 3 it is asserted that the following charge was erroneous and not sound as an abstract principle of law: "In other words, murder is the intentional killing of a human being or the killing of a human being by the intentional use of a weapon that as used is likely to kill, and a killing without justification or mitigation."

The court properly charged the jury the definition of murder and malice, express and implied, in the language of the Code. This ground is without merit. *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (NS) 934); *Worthan* v. *State*, 141 *Ga.* 307, 308 (2) (80 S. E. 1001); *McBride* v. *State*, 150 *Ga.* 92, 93 (102 S. E. 865); *Smith* v. *State*, 196 *Ga.* 595, 596 (6) (27 S. E. 2d 369); *Smithwick* v. *State*, 199 *Ga.* 292 (2) (34 S. E. 2d 28).

5. Ground 4 complains of the following charge: "Now, gentlemen, that is the law of this case. You will take it, you will apply it to the defendant's statement and to the testimony of the witnesses and when you have done so, if you are convinced to a reasonable and moral certainty that the defendant is guilty of murder as accused, you would write your verdict, 'We the jury, find the defendant guilty.' " It is contended that this charge was erroneous as an abstract principle of law; that it may have confused the jury and led them to believe that they were not to give any consideration to evidence in the case other than the testimony of the witnesses; and that it may have misled the jury and caused them to refrain from applying the rule that the defendant's guilt must be proved beyond a reasonable doubt.

This court has previously held that it is not error requiring the grant of a new trial to charge language similar to that complained of in this ground, where the court has elsewhere in the charge fully charged on reasonable doubt. *Bone* v. *State*, 102 *Ga.* 387

(30 S. E. 845); *Davis* v. *State,* 114 *Ga.* 104, 108 (39 S. E. 906); *Robinson* v. *State,* 128 *Ga.* 254, 258 (57 S. E. 315); *Morris* v. *State,* 200 *Ga.* 471, 483 (37 S. E. 2d 345). In the present case the court charged the jury on reasonable doubt both before and after the charge complained of in this ground. There is nothing in the ground to show that it would have been harmful to the defendant if the jury had understood from this charge that their consideration of the evidence should be limited to the oral testimony. It was not error to overrule this ground.

6. In ground 5 error is assigned on the following charge: "Now, if, after considering all the facts and circumstances of the case, applying the law as given you in charge by the court to the defendant's statement and the testimony of the case, if you are not satisfied that he is guilty as accused or if you entertain a reasonable doubt of his guilt then it would be your duty to give him the benefit of that doubt and acquit him, and in that event the form of your verdict would read 'We, the jury, find the defendant not guilty.'"

The errors assigned on this portion of the charge are that it was not sound as an abstract principle of law; it may have confused and misled the jury into believing that the State carried the burden of only satisfying the jury of the guilt of the defendant; and it may have caused the jury to believe that there were two standards by which the jury could determine the guilt of the defendant, that is, either to the satisfaction of the jury or beyond a reasonable doubt.

This charge should not have misled the jury into thinking that they should not acquit the defendant if they had a reasonable doubt of his guilt, and such charge will not require a reversal. *Sheffield* v. *State,* 188 *Ga.* 1 (2 S. E. 2d 657).

7. Ground 6 sets out the charge of the court in regard to confessions. In this charge the court instructed the jury what the law designates as a confession; when a confession would be admissible in evidence; that a confession should be received with caution; and that a confession alone, uncorroborated by any other evidence, would not justify a conviction. It is insisted that there was no legal evidence of any confession by the defendant, and that the statements attributed to him by various witnesses were merely incriminating admissions.

Numerous incriminatory statements of the defendant were introduced in evidence. At least three of these statements had all the necessary elements of a confession of murder.

Coroner E. L. Howell testified in part as follows: "I had a very short conversation with the defendant. I asked him if he killed the deceased and he said he did. His statement was freely and voluntarily made, without threats or promises. He said, 'I killed the son-of-a-bitch and I am glad I did.'"

F. L. Graddy, Policeman of the City of Columbus, testified in part as follows: "I did answer a call down on Third Avenue around 18th Street, last year, on December 24, 1954. . . When I arrived there I discovered Lockhart laying on the floor in the kitchen—dead. . . I did see the defendant that night—that afternoon. He was standing in front of the house with Officer Holloway. I did have a conversation with the defendant when I started to bring him to headquarters. The conversation was freely and voluntarily—not threats or no promises. He made the statement to us that he killed the old son-of-a-bitch and he was glad of it. We were at 3rd Avenue and 16th Street and he said 'if you will carry me back to the house I will show you the axe that I killed him with,' and I asked him what kind of axe and he said an axe with a three-foot handle in it."

Clyde Adair, City Detective of Columbus, testified in part as follows: "I did make an investigation in the death of Lloyd Lockhart. We started at the scene of the crime. I did see this defendant, Red Philpot, there at the scene. I saw him when Officer Holloway brought him in. I talked with him on two different occasions in the house that night, and he stated that he had killed him. He said he struck him one time with an axe and he was still breathing and he struck him again. . . I didn't talk with him about the blood in the sewer. . . I talked with him about the axe. He told me that he stood at the end—he described the sewer—I wasn't present when he was carried back to the scene, but he told me he stood at the end of this sewer in this back yard and he slung the axe as far as he could sling it by the handle. These statements were made freely and voluntarily; no threats or promises; no hope of reward."

In the brief of counsel for the defendant, it is admitted that this court has held in a number of full-bench decisions that, where

the accused admitted the killing, and no circumstances of justification or alleviation appeared in connection with the admission, the court was authorized to charge the law on confessions. *Nail* v. *State*, 142 *Ga.* 595, 596 (3) (83 S. E. 226); *Coates* v. *State*, 192 *Ga.* 130 (15 S. E. 2d 240); *Edmonds* v. *State*, 201 *Ga.* 108 (39 S. E. 2d 24); *Harris* v. *State*, 207 *Ga.* 287 (61 S. E. 2d 135); *Downs* v. *State*, 208 *Ga.* 619 (68 S. E. 2d 568). It is insisted, however, that these cases are contrary to the rulings in *Powell* v. *State*, 101 *Ga.* 9 (29 S. E. 309, 65 Am. St. R. 277), and *Davis* v. *State*, 114 *Ga.* 104 (39 S. E. 906); and that *Nail* v. *State*, supra, and the cases following it, should be overruled. In *Patrick* v. *State*, 209 *Ga.* 645, 647 (74 S. E. 2d 848), a similar request to overrule the *Nail* case was denied, and this court expressed its concurrence in the ruling made in the *Nail* case.

The statements attributed to the defendant in the present case are entirely different from those dealt with in the *Powell* and *Davis* cases, cited by the defendant's counsel. In the present case the statements were sufficient to admit the homicide of the deceased and to imply malice. In two of the statements the defendant used a vile epithet in referring to the deceased, and said that he had killed the deceased and was glad that he did it. In one statement he related that he struck the deceased with an axe, and since he "was still breathing," he struck him again. There was nothing in any of the statements to show any circumstance of justification or mitigation. The circumstances of the homicide related by the defendant were sufficient to "show an abandoned and malignant heart." Code § 26-1004. It was not error for the court to charge on confessions.

*Judgment affirmed. All the Justices concur.*