## 57030. MELTON v. THE STATE.

McMURRAY, Judge.

Defendant brings this out-of-time appeal from his conviction of the offense of burglary and sentence of twenty years. Defendant was arrested on May 24, 1974, at his Clayton County home on the authority of an arrest warrant issued in Laurens County. A custodial search of the defendant revealed four two dollar bills (series 1953) in his wallet. Ten two dollar bills had been stolen in the burglary of which defendant was accused. A search warrant was obtained for defendant's home where several items taken in the burglary were found. *Held:*

1. Defendant contends the trial court erred in denying his motion to suppress the evidence discovered in

the search of his home because there was no probable cause shown for the issuance of the search warrant. Defendant argues there is no evidence to support the conclusion that the two dollar bills found on the defendant at the time of his arrest were the same bills taken in the burglary. The test of probable cause does not involve a certainty, but requires merely a probability, something more than a mere suspicion or possibility which would justify a man of reasonable caution in believing that an offense has been or is being committed. The totality of the sworn circumstances before the magistrate may be considered in establishing probable cause. *Butler v. State,* 130 Ga. App. 469, 470 (1) (203 SE2d 558).

In this case the sworn evidence before the justice of the peace showed that a number of two dollar bills were taken during the course of a burglary in Laurens County and that four two dollar bills were found on defendant at the time of his arrest. The arresting officer testified that in his many years of law enforcement experience he had never arrested a suspect who had in his possession a two dollar bill. The justice of the peace was authorized to take judicial notice of common knowledge that at that time (May, 1974) two dollar bills had been virtually removed from circulation. See Code § 38-112. Although possession of unmarked currency in moderate amounts would generally create no inference as to its source, the rarity of these two dollar bills removed them from the general rule. The trial court did not err in denying defendant's motion to suppress as there was probable cause for the issuance of the search warrant in this case.

2. The argument of the district attorney to the jury in his closing statement (that the police had done a good job in their investigation) which is complained of by defendant's enumerations of error 2, 3 and 5 is a reasonable inference from the evidence presented at trial. *Futch v. State,* 145 Ga. App. 485, 487 (2) (243 SE2d 621). The further issue urged in enumeration number 5 was not raised before the trial court and consequently presents nothing for review before this court. These enumerations of error are without merit.

3. At the time of this trial in November, 1974, Ga. L.

1974, p. 352, 357 (Code Ann. § 27-2503) was in effect. This statute requires that following a jury verdict of guilty in a non-capital felony, that the judge dismiss the jury, conduct a pre-sentence hearing and determine and impose an appropriate sentence within the limits prescribed by law. The trial judge erred in submitting the issue of punishment to the jury. *Moss v. State,* 136 Ga. App. 241, 244 (4) (220 SE2d 761). The sentence by the jury in this case being for more than five years, there is no waiver resulting from defendant's failure to object to jury sentencing as in *McNeese v. State,* 236 Ga. 26, 29 (3) (222 SE2d 318), for only in those cases where the judge, without a jury, fixes the sentence at five or more years, does the sentence review panel operate to review the sentence. See Code Ann. § 27-2511.1 (Ga. L. 1974, pp. 352, 358; 1977, pp. 1098, 1104); *Wheeless v. State,* 135 Ga. App. 406, 410 (10) (218 SE2d 88).

4. Defendant's final enumeration of error sets out an excerpt from the trial court's charge regarding the presumption that witnesses speak the truth and reconciling conflicts in the evidence, if possible without imputing perjury to any witness. It is contended that this charge required the jury to prefer the testimony of a state's witness over the contrary documentary evidence of the defendant. The charge is not reasonably susceptible to this construction, and this enumeration of error is without merit. See *Philpot v. State,* 212 Ga. 79, 80 (2) (90 SE2d 577).

*Judgment as to the conviction is affirmed, but the case is remanded for resentencing by the judge without a jury. Deen, C. J., and Shulman, J., concur.*

Submitted January 8, 1979 — Decided March 13, 1979 — Rehearing denied March 29, 1979 —

*Larsen & Lewis, William Washington Larsen, Jr.,* for appellant.

*Beverly B. Hayes, District Attorney,* for appellee.