A94A1923. RYLES v. THE STATE.
(454 SE2d 639)

RUFFIN, Judge.

William Lee Ryles appeals his conviction of two counts of burglary and one count of theft by taking.

The evidence at trial showed that late one evening, police re-

sponded to a burglar alarm at an auto dealership and found the front door to the dealership office open but no one inside. Although papers were scattered around the office, only a paring knife was missing from a desk drawer. Later that evening, a Jeep was stolen from the same car dealership. Early the following morning, the Jeep was driven into the window of a nearby jewelry store where numerous pieces of silver jewelry were stolen. The Jeep, which the dealership was to sell on consignment, was not missing at the time the dealership was secured following the earlier burglary.

During their investigation, police found that two rings taken during the burglary of the jewelry shop had been pawned by Ryles's cousin, Earnest Kirksey. While two officers were searching Kirksey's house, Ryles arrived, and was arrested when the officers noticed he was wearing a necklace that matched the description of the stolen jewelry. Upon searching Ryles, the officers found more stolen jewelry in his pocket. After taking Ryles to jail, the two officers went to his house looking for his roommate, also a suspect in the burglaries. The officers knocked on the door and no one answered. When asked how much force he used to knock on the door, one officer responded that "it would have been as if I knocked on your door; it was just a knock." As the officers were leaving, a third officer patrolling the area told them she had seen the suspect at the house a few minutes earlier. The officers went back and "knocked harder on the door" at which point it swung all the way open. The officers called out for the suspect, then turned on their flashlights and looked around the living room. When the officers saw some of the stolen jewelry on a coffee table in the living room, they left the house to obtain a search warrant.

In the affidavit and application for the search warrant, one of the officers stated that probable cause existed because at the time of Ryles's arrest, he was wearing some of the jewelry identified as that stolen from the jewelry store. The affidavit also presented evidence that Ryles lived at the address on the search warrant. Although no mention of the visit to Ryles's house was made in the affidavit, the judge who issued the warrant stated that in applying for it, the officer testified about the visit to Ryles's house. After obtaining the warrant, the two officers searched Ryles's house and recovered numerous pieces of stolen jewelry as well as items stolen in other recent burglaries. Ryles was convicted of burglarizing the auto dealership and jewelry store, and theft of the Jeep.

1. Ryles contends the trial court erred by permitting the State to introduce, as similar crimes, evidence of three other burglaries he was charged with that were previously severed from the trial of the instant case. Ryles argues that the probative value of the evidence was vastly outweighed by the prejudice it created.

Because evidence of other offenses is generally considered to be highly prejudicial, before any such evidence "may be admitted into evidence . . . the state must make three affirmative showings as to each independent offense or act it seeks to introduce." *Williams v. State*, 261 Ga. 640, 642 (1) (b) (409 SE2d 649) (1991). The State must show that it "seeks to introduce evidence of the independent offense or act . . . for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility[,] . . . that there is sufficient evidence to establish that the accused committed the independent offense or act[,] . . . [and] that there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. [Cit.]" (Indentation omitted.) Id.

In the instant case, a hearing was held pursuant to Uniform Superior Court Rule 31.3 (B) to determine the admissibility of evidence of the three other burglaries. At the hearing, the State contended it would use evidence of the other burglaries to show Ryles's bent of mind and motive. These purposes have been deemed an exception to the general rule of inadmissibility. *Gonzalez v. State*, 213 Ga. App. 667 (1) (445 SE2d 769) (1994).

As to the second affirmative showing required under *Williams*, we find there was sufficient evidence to establish that Ryles committed the other burglaries. The record shows that items stolen in each of the burglaries were found by the police at Ryles's house, which was only a block away from the street where the burglarized businesses in the instant case were located. Despite this, Ryles argues that evidence of the other burglaries should not have been admitted because there was no prior guilty plea, admission, conviction or other evidence indicating beyond a reasonable doubt that he committed the other burglaries. "Proof beyond a reasonable doubt is not required as to the proof that the defendant was the perpetrator of an independent similar crime and evidence, like that presented in this case, that defendant was in recent possession of property stolen in a burglary is sufficient to raise an inference that defendant was the one who stole the goods. [Cit.]" *Slater v. State*, 209 Ga. App. 723, 725 (2) (434 SE2d 547) (1993).

As to the third affirmative showing, all the burglaries involved businesses located on the same street. In all the burglaries, entry into the businesses was made by breaking a window and entering through the opening. This evidence, in addition to the fact that property stolen in each of the burglaries was deposited at Ryles's house, leads us to the conclusion that there was sufficient similarity between the other burglaries and the crimes charged. " '[T]here is no requirement that the "other transaction" must be identical in every aspect.' [Cit.]" *Gearin v. State*, 208 Ga. App. 878, 882 (3) (432 SE2d 818) (1993).

Ryles also argues that admitting the evidence circumvented the trial court's purpose in severing the offenses. The purpose of severance in a case of this kind, where the offenses were joined solely on the ground that they were of the same or similar character, is to eliminate " 'the great risk of prejudice from a joint disposition of unrelated charges.' [Cit.]" *Dingler v. State*, 233 Ga. 462, 464 (211 SE2d 752) (1975). Once the severance is granted, that purpose is met, and such grant "would not impact the admissibility of the 'similar transactions' evidence." *Cain v. State*, 212 Ga. App. 531, 535 (1) (442 SE2d 279) (1994). Having determined above that sufficient evidence was presented to support the State's motion, we find "[t]he trial court did not abuse its discretion in admitting this evidence under the standards for admitting evidence of similar transactions. [Cits.]" *Moore v. State*, 207 Ga. App. 897, 898 (1) (429 SE2d 340) (1993).

2. Ryles also asserts that the trial court erred in failing to give a curative instruction to the jury following the admission of certain similar transaction testimony and exhibits which were subsequently excluded by the trial court. Ryles "did not object to the admission of any of this testimony [or these exhibits] during the trial, nor has he suggested, either in the trial court or in this court, what curative instructions ought to have been provided with respect to it. Consequently, this enumeration of error presents nothing for review by this court. [Cits.]" *Argo v. State*, 188 Ga. App. 102, 104 (3) (371 SE2d 922) (1988). Furthermore, contrary to Ryles's contention, any harm which may have resulted from the admission of the evidence was not so grievous as to have relieved him of the duty to request a curative instruction. See *Tuggle v. State*, 211 Ga. App. 854 (2) (a) (440 SE2d 740) (1994).

3. Ryles next contends that the trial court erred in failing to grant his motion to suppress the evidence seized from his house. He argues that by opening the door, shining their flashlights inside, and looking around his living room, the officers conducted a warrantless search of his residence.

" 'Whether the initial entry was illegal or not is irrelevant to the admissibility of the challenged evidence because there was an independent source for the warrant under which that evidence was seized. Exclusion of evidence as derivative or "fruit of the poisonous tree" is not warranted here because of that independent source. . . .' [Cits.]" *Mack v. State*, 189 Ga. App. 261, 263 (1) (375 SE2d 458) (1988). The independent evidence before the magistrate who issued the warrant showed that when the officers arrested Ryles, he possessed some of the jewelry stolen in the burglary. It also showed that Ryles lived at the address stated in the affidavit. " 'In dealing with probable cause, . . . as the very name implies, we deal with probabilities. They are not technical; they are the factual and practical considerations of

everyday life on which reasonable and prudent men, not legal technicians act.' [Cit.]" *State v. Stephens*, 252 Ga. 181, 182 (311 SE2d 823) (1984). Because the totality of the independent evidence before the magistrate was sufficient to establish probable cause, we find the trial court did not err in denying Ryles's motion to suppress. *Melton v. State*, 149 Ga. App. 506, 507 (1) (254 SE2d 732) (1979).

4. Finally, Ryles contends the trial court erred in denying his motion for a directed verdict as to Count 4, burglary of the auto dealership office, and Count 5, theft by taking of the Jeep. Ryles argues that since there was only circumstantial evidence that he committed the burglary, his motion should have been granted.

In order to convict Ryles of the burglary, the State was required to present evidence that Ryles entered the dealership office with the intent to commit a felony or theft. See OCGA § 16-7-1. The only evidence presented by the State that might connect Ryles to the burglary was the testimony of Earnest Kirksey that he had seen Ryles walking in the direction of the dealership. Although the stolen Jeep was later connected to the burglary of the jewelry store, it is uncontroverted that the Jeep was not taken during the burglary of the dealership. " 'Evidence which merely raises a suspicion of guilt is not sufficient to convict. [Cit.]' [Cits.]" *Graves v. State*, 172 Ga. App. 829, 830 (324 SE2d 790) (1984). In this case we do not find the testimony that Ryles was seen walking towards the dealership sufficient for a rational trier of fact to have found that he entered the store with the intent to commit a felony or theft. Accordingly, the trial court erred in denying his motion for a directed verdict as to the burglary charge. Id.

However, under the facts presented above, we do find there was sufficient evidence for a rational trier of fact to have found beyond a reasonable doubt that Ryles was guilty of theft by taking. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *King v. State*, 214 Ga. App. 406 (3) (447 SE2d 712) (1994). Although Ryles contends the State failed to present evidence establishing ownership of the Jeep, the State did present evidence that the dealership was to sell the Jeep on consignment for its true owner and " '[s]o far as the thief is concerned, he cannot question the title of the apparent owner.' [Cit.]" *Hall v. State*, 132 Ga. App. 612 (208 SE2d 621) (1974).

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MARCH 1, 1995.

*Arthur J. Shelfer, Jr., A. William Clark*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E.*

*Mitchell, Assistant District Attorneys,* for appellee.