## A03A1336. LAYMON v. THE STATE.
(583 SE2d 165)

BLACKBURN, Presiding Judge.

Following a jury trial in which she admitted to performing Wiccan sexual rituals with her ex-husband involving their minor daughter, Michelle Laymon a/k/a Michelle Evitt appeals her subsequent

---

[5] *Freeman v. State*, 201 Ga. App. 216, 217 (2) (410 SE2d 749) (1991).

conviction for child molestation, contending that her trial counsel was ineffective by: (1) failing to request a severance from her ex-husband's trial; (2) failing to object to certain similar transaction evidence involving sexual rituals with other victims; (3) purposefully waiving any *Bruton* objections to a statement by her ex-husband concerning the rituals; (4) failing to make a motion for a directed verdict at the close of the State's case; (5) failing to object to the impeachment of a good character witness with evidence of his prior conviction for a crime; (6) introducing excerpts from Michelle Laymon's journal, thereby causing the entire document to become admissible; and (7) being under the influence of alcohol or drugs at the time of trial. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that Michelle Laymon and her ex-husband, Greg Laymon, were tried for molesting their daughter during certain Wiccan rituals. In a statement to police, Michelle Laymon admitted her participation in these rituals, and she confessed to engaging in certain acts of sexual conduct with her daughter. Michelle Laymon again admitted the acts during her testimony at trial. In both her statement and at trial, Michelle Laymon contended, however, that she was coerced into performing these rituals by her ex-husband, who she feared would put a spell on her if she did not cooperate. In addition, Michelle Laymon's daughter testified that her mother touched her breasts and genitals during the Wiccan ceremonies.

Before, during, and after trial, Michelle Laymon's defense has been that she was forced to participate in the sexual rituals by Greg Laymon. To effectuate this defense, her trial counsel presented certain pieces of evidence to prove Michelle Laymon's fear of her ex-husband, including her personal diary in which she also described a number of the sexual acts. From the outset of the proceedings against her, Michelle Laymon admitted that she had inappropriately touched her daughter.

It is against this background which Michelle Laymon now contends that her trial counsel provided ineffective assistance and seeks a reversal of her trial, despite her confessions.

> To establish a claim of ineffective assistance of counsel, a defendant must show that the attorney's performance was deficient and that the deficient performance prejudiced the defense. In evaluating an attorney's performance, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Where trial counsel does not testify at the motion for new trial

hearing, it is extremely difficult to overcome this presumption.

(Footnote omitted.) *Russell v. State*.[1]

In this case, Michelle Laymon has provided this Court with no evidence that any of the deficiencies she alleges, even if assumed to be true, actually prejudiced her defense of coercion in any way. She admitted doing the acts with which she was charged, arguing only that she had been coerced by her ex-husband into doing them. Based on her admission, the only way in which her trial counsel's alleged deficiencies could have affected the verdict returned against her is if they had some bearing on her coercion defense. With the exception of the claim that trial counsel failed to object to the impeachment of one of her character witnesses, Michelle Laymon, however, makes no argument that this, in fact, occurred. For this reason alone, with regard to all but the one excepted claim, we must affirm the convictions. Moreover, the bulk of Michelle Laymon's allegations involve issues of trial strategy and do not serve as a basis for reversal of her conviction. See, e.g., *Gomillion v. State*.[2]

With regard to the claim regarding impeachment, the record reveals that trial counsel did make an objection to questioning of the particular character witness about his past criminal history, which the trial court overruled. Then, when the State attempted to introduce a document stating the witness's criminal history, trial counsel objected again and was sustained. Thus, the record negates Michelle Laymon's claim of ineffective assistance in this matter.

We also note that, with regard to the defendant's claim that her attorney was under the influence during her trial, the defendant has offered nothing more than mere speculation to support her argument. She has provided neither evidence that her trial attorney was, in fact, under the influence, nor evidence that, even if he were, it affected the outcome of her trial.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED JUNE 4, 2003.

*John M. Giglio*, for appellant.
*Herbert E. Franklin, Jr.*, District Attorney, *Christopher A. Arnt*, Assistant District Attorney, for appellee.

---

[1] *Russell v. State*, 269 Ga. 511 (1) (501 SE2d 206) (1998).
[2] *Gomillion v. State*, 236 Ga. App. 14 (512 SE2d 640) (1999).