## A11A0227. LONG v. THE STATE.

(705 SE2d 889)

ELLINGTON, Chief Judge.

An Athens-Clarke County jury found Anthony Long guilty beyond a reasonable doubt of burglary, OCGA § 16-7-1. Following the denial of his motion for a new trial, Long appeals, contending that the evidence was insufficient and that the trial court erred in admitting evidence of similar transactions, in denying his motion for a mistrial, and in denying his motion for a new trial on the basis of ineffective assistance of counsel. For the reasons explained below, we affirm.

1. Long contends that there was no evidence that he had any intent to commit a felony or theft when he entered the victims' residence and, therefore, that the evidence was insufficient to convict him of burglary.[1] On appeal from a criminal conviction, the appellate court

> view[s] the evidence in the light most favorable to the verdict[,] and an appellant no longer enjoys the presumption of innocence. [The appellate court] determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness

---

[1] OCGA § 16-7-1 (a) provides that "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another[.]"

YALE LAW LIBRARY

credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, [the appellate court] must uphold the jury's verdict.

(Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

Viewed in the light most favorable to the verdict, the record shows the following.[2] In March 2004, four male University of Georgia students lived at 858 Hill Street in Athens. The house contained many items of value, including a large television, a DVD player, video-game consoles, stereo equipment, and computers. On the afternoon of March 19, 2004, Long parked his bicycle against the house, knocked on the front door and received no answer, walked to the back entrance, removed his shoes, and entered the house. Long walked through the kitchen and the den, where one of the students was asleep on the couch, toward the front door. Another one of the students arrived home from class, entered through the back door, and found Long inside, apparently in the process of locking the front door. The student who had just returned gave Long a few dollars to get him to leave. The victims recognized Long, whom they knew as "Anthony," from times he had stopped by and asked for money or odd jobs. At trial, the victim who had been sleeping when Long entered and the victim who returned from class both testified that Long did not have their permission to be in the house and that they were frightened by his unauthorized entry. The other two victims, who were away from the house at the time, also testified that Long did not have their permission to be in the house that day.

At trial, the State also offered evidence that, on June 2, 2003, Long was at 190 Wynburn Avenue in Athens asking the male college students who lived there for money, as he had several times before, and that, the following day, the students discovered that a DVD player, a pair of sunglasses, and other items were missing. The day after the students reported the theft, an investigator recovered the sunglasses from Long. One of the students identified Long in a photographic lineup as the person who had been at their house the day before the theft. In addition, the State presented evidence that, on June 6, 2003, a male college student returned to his residence at 195 South Finley Street in Athens after a few days absence when he discovered Long inside without his permission. The victim's food and

---

[2] This recitation of facts is based in part on evidence which Long contends the trial court erroneously admitted. We have rejected Long's evidentiary challenges for the reasons discussed in Division 2, infra.

alcohol had been consumed, his more valuable personal property had been gathered into one room, and two bicycles were missing. The student positively identified Long in a photographic lineup and in court as the person he had found in his house that day. The three properties, 858 Hill Street, 190 Wynburn Avenue, and 195 South Finley Street, are located within approximately one mile of each other.

Long testified that he went to 858 Hill Street on the date of the alleged burglary to visit a friend named "Matt" who lived there and to ask for work and that he entered only after he heard someone inside say, "Come in." He testified that his friend's room was on the first floor, near the front door, and that he had just walked to that room and found that "Matt" was not there when the other student arrived home. Long denied having any intent to commit a theft. In rebuttal, the State called one of the victims, who was known as "Matt"; he testified that he was not friends with Long, that he had never welcomed Long into his home, and that his room was on the second floor, not on the first floor near the front door, as Long claimed.

Whether a person who is accused of burglary entered another's residence or other building with the intent to commit a theft

> is a matter for the jury to say, under the facts and circumstances proved. As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper.

(Citation and punctuation omitted.) *Nelson v. State*, 277 Ga. App. 92, 95 (1) (a) (625 SE2d 465) (2005). In particular, "[a] jury may infer that a defendant intended to commit theft based on the presence of valuables inside the premises, when the jury concludes that there is no other apparent or credible motive for the defendant's unauthorized entry." (Citations and punctuation omitted.) Id. A jury may reject a defendant's explanation for his unauthorized entry "where that explanation is inconsistent with other direct and circumstantial evidence." (Citation and punctuation omitted.) Id. at 96 (1) (a).

In this case, the evidence, including the testimony of all four residents of 858 Hill Street that Long's entry on March 19, 2004, was unauthorized, evidence establishing the presence of valuables in the house, and evidence that contradicted Long's innocent explanation for his entry, authorized the jury to infer that Long intended to commit a theft when he entered the victims' house. Accordingly, the evidence was sufficient to support Long's burglary conviction. *Grif-*

*fith v. State*, 286 Ga. App. 859, 861 (1) (650 SE2d 413) (2007); *Nelson v. State*, 277 Ga. App. at 96 (1) (a).

2. Long contends that the trial court erred in admitting the evidence of the two prior burglaries as similar transactions. See Division 1, supra. Although the conduct of an accused in other transactions is generally irrelevant and inadmissible,[3] evidence of similar transactions may be admissible, contingent upon three affirmative showings:

> (1) the evidence must be admitted for a proper purpose; (2) there must be sufficient evidence to establish the accused committed the independent act; and (3) there must be a sufficient connection or similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter.

(Citation omitted.) *Gardner v. State*, 273 Ga. 809, 810 (2) (546 SE2d 490) (2001), citing *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

> When reviewing the trial court's factual findings regarding whether the State satisfied the three-prong test, we apply the clearly erroneous standard. Further, the decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.

(Citations omitted.) *Flowers v. State*, 269 Ga. App. 443, 444 (1) (604 SE2d 285) (2004).

(a) First, with regard to the burglary of 190 Wynburn Avenue, when the victim's sunglasses were taken, Long contends the State failed to carry its burden of proving that he was the perpetrator of that offense. This argument lacks merit, as there was evidence that Long was in the house on the day before the burglary was discovered and was found wearing the stolen sunglasses two days later. *Ryles v. State*, 216 Ga. App. 462, 464 (1) (454 SE2d 639) (1995) ("Proof beyond a reasonable doubt is not required as to the proof that the defendant was the perpetrator of an independent similar crime[,] and evidence, like that presented in this case, that defendant was in recent possession of property stolen in a burglary is sufficient to

---

[3] See OCGA § 24-2-2 ("The general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct.").

raise an inference that defendant was the one who stole the goods.'') (citation and punctuation omitted).

(b) Next, with regard to the burglary of 195 South Finley Street, when the victim's food and alcohol were consumed and some personal property was destroyed, Long contends that the State failed to show that the offense was sufficiently similar to the charged offense to be admissible. The evidence showed, however, that in each instance Long became acquainted with male college students by asking for money or odd jobs and later, when the victims' house appeared to be vacant, entered without authority to appropriate the victims' goods. Further, the burgled houses were within one mile of each other. The trial court's finding that the offenses satisfied the similarity requirement was not clearly erroneous. *Ryles v. State*, 216 Ga. App. at 464 (1).

3. Long contends that the prosecutor misled the jury when she stated during closing argument that, because there were valuables in the victims' house and Long entered the house without permission, Georgia law permitted the jury to presume that Long had the intent to commit a theft. Long contends that the trial court erred in failing either to instruct the jury to disregard the statement, to give a curative instruction that the jury could infer such an intent from those circumstances but could not presume intent, or to grant Long's motion for a mistrial.

> In passing on a motion for mistrial because of an improper statement of a prosecutor, the trial judge may take such action as in his judgment will prevent harm to the defendant, and a new trial will not be granted unless it is clear that such action failed to eliminate the statement from consideration by the jury.

(Citations and punctuation omitted.) *Chancey v. State*, 256 Ga. 415, 435 (10) (349 SE2d 717) (1986).

The record shows that, after Long's attorney moved for a mistrial, the prosecutor stated that she would correct her misstatement and use the word ''infer'' instead of ''presume,'' and she immediately did so. Later, during the charge on the law, the trial court instructed the jury:

> A person commits the offense of burglary when without authority that person enters any building or dwelling place of another with the intent to commit a theft. . . . Intent to commit a theft is an essential element and must be proved by the State beyond a reasonable doubt. . . . You may infer an intent to steal where the evidence shows an unlawful

> entry into the building or dwelling place of another where items of some value are present, stored, or kept inside, and where there is no other apparent alleged motive for the entry. Whether or not you make such an inference is a matter solely within your discretion.

Given the prosecutor's immediate restatement of the principle of law using the proper language, and given the trial court's complete and correct instructions to the jury, we conclude that the trial court took action sufficient to prevent the prosecutor's misstatement from misleading the jury. See *Freels v. State*, 195 Ga. App. 609, 611 (2) (394 SE2d 405) (1990) (Error may result if an attorney's misstatement of the law during argument "may tend to mislead the jury."). Consequently, the trial court did not abuse its discretion in denying Long's motion for a mistrial. *Chancey v. State*, 256 Ga. at 435 (10).

4. Long contends that his trial counsel worked on his case and appeared for the second day of trial while under the influence of alcohol to the extent that Long was effectively deprived of any assistance of counsel during critical stages of the trial. Consequently, Long contends, the trial court erred in denying his motion for a new trial on the basis of ineffective assistance of counsel.

> In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984)[.] The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. [As the appellate court, we] accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Robinson v. State*, 277 Ga. 75, 75-76 (586 SE2d 313) (2003).

The record shows that, on the second day of trial, Long's counsel was cross-examining an investigator when, outside the presence of the jury, the investigator told the trial judge that counsel's "breath reek[ed] of alcohol." Counsel responded to this by admitting that he had had a drink before going to bed the previous evening but stated that he was clear-headed and sober that morning and that his judgment was not impaired. Long volunteered that he wanted his

YALE LAW LIBRARY

attorney to continue to represent him. The trial judge evaluated counsel's performance that morning and found that there were no deficiencies in how he was cross-examining the investigator. The trial judge adjourned the trial until the following day.

Long failed to show that his trial counsel was actually intoxicated on the second morning of the trial. See *Laymon v. State*, 261 Ga. App. 488, 490 (583 SE2d 165) (2003) (The appellant's claim of ineffective assistance of counsel failed because her claim that her attorney was under the influence of alcohol was supported by nothing more than speculation.). Nothing in the record shows that the trial court erred in finding that there were no deficiencies in counsel's performance that morning. Furthermore, Long failed to show that his counsel's performance after consuming alcohol affected the outcome of his trial, and, therefore, he failed to satisfy his burden of showing prejudice. Id.

*Judgment affirmed. Miller, P. J., and Doyle, J., concur.*

DECIDED JANUARY 27, 2011.

*Lavender, Baker & Slider, John H. Baker*, for appellant.
*Kenneth W. Mauldin, District Attorney, Todd R. Newland, Assistant District Attorney*, for appellee.